No. 7463.

## STRATTON *v.* KENNARD ET AL.

VENDOR AND PURCHASER.—*Purchase-Money of Real Estate.—Defence on Failure of Title.*—In the absence of covenants of warranty or for title, or proof of fraud, a failure of title is no defence to an action for the purchase-money of real estate.

PRESUMPTION.—*Instructions.—Evidence.—Practice.*—Where the evidence is not in the record, instructions will be presumed to be correct if applicable to any supposable state of the evidence.

PRACTICE.—*Bill of Exceptions.—Evidence.*—Written instruments or documentary evidence may be incorporated in a bill of exceptions by indicating the place where they are to be inserted by the words "here

insert," but the only way in which oral testimony can be properly got into a bill of exceptions is by copying it therein at full length before the bill is signed by the judge.

From the Henry Circuit Court.

*M. L. Bundy* and *M. E. Forkner*, for appellant.

*J. H. Mellett* and *E. H. Bundy*, for appellees.

ELLIOTT, J.—This was an action upon a promissory note which the appellant, Edward K. Stratton, had executed to appellees in part payment for a tract of land purchased from them as executors of Tidamon Jessup, deceased. Judgment was rendered, on the verdict of the jury, in favor of the appellees, who were plaintiffs below, for the full amount of the note and interest, over motion for a new trial by defendant. From this judgment defendant appeals, and assigns as errors :

1st. The ruling sustaining a demurrer to the second paragraph of his answer.

2d. The ruling denying his motion for a new trial.

The second paragraph of the answer avers that "the note on which this suit is brought was given in part consideration of a tract of land, purchased by the defendant of the plaintiffs ; that the plaintiffs have no title to the land sold, and can make no valid conveyance therefor, wherefore defendant says the consideration of said note has failed, and this he is ready to verify." This paragraph is bad, and the demurrer was properly sustained. It is well settled, that in the absence of covenants of warranty or for title, or proof of fraud, a failure of title is no defence to an action for the purchase-money of real estate. *Laughery* v. *McLean*, 14 Ind. 106 ; *Cartright* v. *Briggs*, 41 Ind. 184 ; *Barkhamsted* v. *Case*, 5 Conn. 528.

Counsel for the appellant insist that the court erred in overruling the motion for a new trial. In support of this position it is asserted that two of the instructions given by the court were erroneous. The argument upon this point

can avail nothing, because the evidence is not in the record. It is well settled that where the evidence is not in the record, instructions will be presumed to be correct if applicable to any supposable state of the evidence.

There was an attempt to carry the evidence into the record by a bill of exceptions, but the course pursued was not one which the code or common law practice warrants. Prior to the adoption of our present code, even written instruments could only be got into a bill by being copied therein at full length before the signature of the judge was appended. *Irwin* v. *Smith*, 72 Ind. 482. Since the adoption of the code, written instruments may be incorporated by proper reference, and by indicating the place where they are to be inserted by the words "here insert." The provision of the code applies only to written evidence, and can not be held to embrace oral testimony; the latter must be written in the bill before the judge signs it. *Stewart* v. *Rankin*, 39 Ind. 161; *Cluck* v. *The State*, 40 Ind. 263. The bill of exceptions, as signed by the judge, was a mere skeleton, containing, at the place where the appellant desired the evidence given on the trial to be inserted, these words: "Here insert the evidence taken down by Saint." This was clearly insufficient. To permit such a practice would result in confused records, and lead to almost interminable discussions as to whether the evidence was in the record in each particular case. The only way in which oral testimony can be properly got into the bill of exceptions is by copying it at full length before the judge attaches his signature. We are not now, we add to prevent possible misunderstanding, referring to reports of evidence made by stenographers under the provisions of the statute upon that subject.

Judgment affirmed.