Filed June 26, 1889.

No. 13,383.

## DOYAL v. LANDES ET AL.

MORTGAGE.—*Foreclosure.— Disputed Ownership.—Judgment on Pleadings.*— Where, in a suit to foreclose a mortgage, the mortgagor brings the amount due into court, the plaintiff is not entitled to a judgment on the pleadings against him until an issue joined between the plaintiff and another defendant as to the ownership of the mortgage is determined.

BILL OF EXCEPTIONS.—*Oral Testimony.—Stenographer's Report.—Must be in Bill when Signed.*—The stenographer's report of oral testimony is not a written instrument within the meaning of the code, and can not be brought into a bill of exceptions by the use of the words " here insert," but must be incorporated in the bill before it is signed by the judge.

From the Montgomery Circuit Court.

*W. H. Thompson, J. West* and *W. P. Hart*, for appellant.

*T. F. Davidson, F. M. Dice, R. B. F. Peirce, W. T. Brush* and *T. L. Stillwell*, for appellees.

ELLIOTT, C. J.—The appellant's complaint is founded on a promissory note and the mortgage securing its payment executed to the appellant by Mary F. Landes and Chris-

topher Landes.  The complaint alleges that John and Miles Lane have possession of the note and mortgage, and that although they claim an interest in the note and mortgage they have none.  Landes and Landes brought into court the sum they alleged to be due upon the note and mortgage, and prayed the court to determine who was entitled to the money. Lane and Lane asserted title to the note, and averred that it was transferred to them by delivery.

It is quite clear that the trial court did not err in over-ruling the appellant's motion for judgment against Landes and Landes on the pleadings.  Until the issue made between the appellees Lane and Lane and the appellant was deter-mined no judgment could be rendered, because it could not be adjudged to whom the money should be paid.  But, aside from this consideration, the answer of Landes and Landes is good after verdict, for, conceding it to be defective in some particulars, the defects, if any, were such as a verdict would heal.

We are compelled to sustain the appellees' contention that the evidence is not in the record.  It appears that the judge signed a skeleton bill of exceptions, in which the report of the evidence was not incorporated, but which contained at the appropriate place the words " here insert."  The stenog-rapher's report of the evidence can not be brought into the record in the method adopted.  *Wagoner* v. *Wilson*, 108 Ind. 210 ; *Fahlor* v. *State*, 108 Ind. 387.  The stenographer's re-port of oral testimony is not a written instrument within the meaning of the code, and it is only written instruments that can be brought into a bill of exceptions by the words " here insert."  At common law the bill was required to be perfect in all its parts before the attestation of the judge.  *Cincin-nati, etc., R. R. Co.* v. *Clifford*, 113 Ind. 460, and authorities cited, p. 468.  The reason for this rule is that the bill, when duly attested, imports absolute verity, and to have this effect the attestation of the judge must be to a bill containing all the oral evidence.  It is the signature of the judge that gives

the bill its force, and when it affirmatively appears, as it does here, that the oral evidence was not in the bill when it was signed, it can not be regarded as having passed the scrutiny of the judge. A skeleton bill is so incomplete as to be without force in any case where oral testimony is given.

Judgment affirmed.

Filed March 30, 1889.

## On Petition for a Rehearing.

Elliott, C. J.—We have carefully examined the record as requested in the petition for a rehearing, but can find no reason for changing our opinion. The return of the clerk to the *certiorari* shows that the long-hand report was not part of the bill of exceptions at the time it was signed, because the stenographer's manuscript can not be incorporated in the record by reference and the use of the words " here insert." It must be incorporated in the bill before it is signed.

Filed June 26, 1889.