Butler *et al. v.* Roberts.

No. 13,531.

BUTLER ET AL. *v.* ROBERTS.

EVIDENCE.—*Long-Hand Manuscript of.*—*Bill of Exceptions.*—*Practice.*—In order to make the official reporter's long-hand manuscript of the evidence a part of the record, it must be incorporated in a formal bill of exceptions.

INSTRUCTIONS TO JURY.—*Making Part of Record.*—*Bill of Exceptions.*—*Practice.*—Instructions which are not brought into the record by a bill of exceptions, or which are not signed by the judge and filed as a part of the record, will not be considered on appeal.

From the Newton Circuit Court.

*J. T. Saunderson* and *F. A. Comparet,* for appellants.

*E. P. Hammond* and *W. Cummings,* for appellee.

MITCHELL, J.—Roberts recovered a judgment for $200 damages, in the Newton Circuit Court, against Henry and West Butler, for an alleged unlawful assault and battery committed by the defendants upon the person of the plaintiff.

The appellants ask a reversal on the ground that the verdict is not sustained by the evidence, and because of alleged error committed by the court in giving and refusing certain instructions.

It would be sufficient to say that the record presents no question requiring examination, because the long-hand manuscript of the evidence, as copied by the official reporter, is not incorporated in a bill of exceptions. The supposition seems to have prevailed that the manuscript itself, by being styled a bill of exceptions containing all the evidence given in the cause, with the signature of the judge attached on a given date, constituted a sufficient bill, notwithstanding the absence of any preface or formal ending characteristic of a bill of exceptions. The statute affords a convenient and inexpensive method of certifying up the long-hand manuscript

VOL. 118.—31

of the evidence, but it must be incorporated in a formal bill of exceptions. A paper does not constitute a bill of exceptions by simply being so named. *Marshall* v. *State, ex rel.*, 107 Ind. 173; *Wagoner* v. *Wilson*, 108 Ind. 210. Notwithstanding the informality of the bill of exceptions, we have examined what purports to be the evidence, and find that the testimony of the plaintiff himself, and that of other witnesses who testified in his behalf, fully sustains the verdict.

The instructions are copied into the transcript by the clerk, but they are not brought into the record by a bill of exceptions, nor is there anything in the transcript to show that they were signed by the judge and filed as a part of the record. *Landwerlen* v. *Wheeler*, 106 Ind. 523; *Fort Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100.

No question is, therefore, presented involving the propriety of the instructions given or refused.

The judgment is affirmed, with costs, and five per cent. damages:

Filed April 25, 1889.