No. 13,769.

## TAYLOR ET AL. *v.* WILLIAMS.

ATTACHMENT AND GARNISHMENT.—*Promissory Note.—Bona Fide Endorsee.* —*Agreement to Repay Garnishee Maker.*—An agreement by an attachment plaintiff that if a garnishee defendant will pay the amount of the judgment rendered against him he will repay the amount, with interest, attorney's fees and costs, in case the note evidencing the garnishee's indebtedness to the attachment defendant is afterwards enforced against him by a *bona fide* endorsee, is valid and enforceable.

SAME.—*Evidence.*—In such case the record of the attachment proceedings, the record of the endorsee's judgment, and the declarations of the attachment plaintiff are admissible in evidence.

EVIDENCE.—*Erroneous Admission.*—*Harmless Error.*—The erroneous admission of evidence is only available for reversal when prejudicial to the rights of the appellant.

From the Greene Circuit Court.

*J. S. Bays,* for appellants.

ELLIOTT, C. J.—The material facts pleaded as the cause of action may be thus stated : The appellants instituted proceedings in attachment against Moses Archer, and summoned the appellee as garnishee. Judgment was rendered against the appellee, but the justice of the peace by whom it was rendered had no jurisdiction, and the proceedings were void. The indebtedness of the appellee to Archer was evidenced by a promissory note, which had been assigned to Charlotte Bivens before the proceedings were instituted, but the appellee had no knowledge of this fact. The appellants promised the appellee that if he would pay the judgment they would repay him the amount, with interest, attorney's fees and costs, provided he should be compelled to pay the amount of the note to any other person, and he, relying upon this promise, did pay the judgment. The money paid was received by the appellants. After the payment of the judgment awarded the appellants, Charlotte Bivens, the assignee

Taylor *et al. v.* Williams.

of the note, obtained judgment against the appellee and he was compelled to pay it.

The complaint is good.   The contract of the appellants is founded on a valid consideration, and we can perceive no reason why it should not be enforced.   They have money in their hands which in equity belongs to the appellee, and we incline to the opinion that the action would lie even if there had been no express promise, but it is not necessary to decide whether an action would lie if there had been no such promise, for there was a valid contract.

The trial court erred in permitting Mr. Short to testify as to a conversation he had with the appellee, but it is quite clear that the testimony was not of such a nature as to prejudice the appellants.   There was not, at all events, such a material error as will justify us in reversing the judgment.

There was no error in admitting in evidence the record of the attachment proceedings, nor was there error in admitting the record of the judgment in the action brought by Charlotte Bivens against the appellee.   The trial court did right in permitting the appellee to prove the declarations of the appellants.

Judgment affirmed.

Filed Sept. 28, 1889; petition for a rehearing overruled Dec. 10, 1889.