Patterson v. Churchman *et al.*

No. 13,701.

PATTERSON v. CHURCHMAN ET AL.

BILL OF EXCEPTIONS.—*Long-Hand Manuscript of Official Reporter.—Certification of.*—The original long-hand manuscript copy of the evidence made by the official reporter can not be certified to the Supreme Court unless it has first been incorporated bodily into the bill of exceptions.

SAME.—*Section 626, R. S. 1881.—Stenographer's Report.—"Written Instrument" and "Documentary Evidence."*—The stenographer's long-hand report of the evidence is neither a "written instrument" nor "documentary evidence" within the meaning of section 626, R. S. 1881, which authorizes such instrument and evidence to be brought into a bill of exceptions by reference.

SAME.—*Attaching of Stenographer's Report.*—The stenographer's report can not be brought into the record by attaching it to the bill of exceptions before it is signed by the judge; it must be incorporated in the bill of exceptions before it is signed by him.

From the Marion Superior Court.

*S. Claypool, W. A. Ketcham* and *E. A. Parker,* for appellant.

*B. Harrison, W. H. H. Miller, J. B. Elam, C. Baker, O. B. Hord* and *T. A. Hendricks,* for appellees.

OLDS, J.—The questions discussed by counsel in this cause arise on the evidence, and the evidence is not properly in the record, therefore there is no question presented for decision.

The record shows that the cause was referred to a master commissioner of the court, and such master commissioner authorized to take the evidence adduced by the parties on the issues joined, and to report the same to the court, together with his special findings of facts and his conclusions of law, and such commissioner was authorized to employ a stenographer, who might be agreed upon by the parties, to take the evidence. The record then shows that the master commissioner filed a report in which it was shown that he had employed a stenographer, who had taken the evidence in short-

Patterson *v.* Churchman *et al.*

hand and then written it out in long-hand for the use of the commissioner and the court. It then appears that such commissioner filed his report and the evidence taken before him. His report is set out in a transcript, in which it is shown that the parties appeared before him and submitted testimony, which testimony is herewith reported to the court.

The bill of exceptions in the case contains neither the report nor the evidence. So much of the bill of exceptions as is material is as follows:

" Be it remembered, that when this cause came on for hearing upon the master's report and the plaintiff's exceptions thereto, it was by agreement of parties submitted to the court for hearing and trial without the intervention of a jury, and on the trial there was introduced the master's report in evidence, as follows, viz.: (Heretofore inserted in the record. See page —, line — of this manuscript.) And, also, the plaintiff's exceptions thereto, as follows, viz.: (Heretofore inserted in the record. See page 56, line — of this transcript). And, also, the evidence (stenographer's report) adduced and had at the hearing before the master, which is enbodied in and made a part of this bill of exceptions."

There is no part of the evidence embodied in the bill of exceptions.

There is a large volume endorsed and filed in this case, certified to by the reporter as a correct and impartial report of all the evidence taken before the master, and a certificate of the clerk certifying that a long-hand manuscript copy of the evidence given before the master commissioner in the cause was duly filed in his office, and the one embodied in the plaintiff's bill of exceptions, filed November 11th, 1885, is the identical one so filed as aforesaid, and now certified and transmitted herewith.

It is most earnestly contended by counsel for appellant that in this state of the record the evidence is properly in the record to be considered by this court, but this question has been so often decided adversely to the theory of counsel that we

Patterson *v.* Churchman *et al.*

deem it unnecessary to extend this opinion further than to cite the cases deciding the question, which we think hold the correct doctrine, and we shall still adhere to it. *Wagoner* v. *Wilson,* 108 Ind. 210; *Stone* v. *Brown,* 116 Ind. 78; *Flint* v. *Burnell,* 116 Ind. 481; *Butler* v. *Roberts,* 118 Ind. 481; *Colt* v. *McConnell,* 116 Ind. 249; *Fahlor* v. *State,* 108 Ind. 387; *Doyal* v. *Landes,* 119 Ind. 479.

The decisions upon this question are based upon and in accordance with the plain provisions of the statute, and it is no hardship on litigants to require a compliance with its plain provisions.

Judgment affirmed, with costs.

ELLIOTT, C. J., took no part in the decision of this cause. Filed Nov. 1, 1889.


PETITION FOR A REHEARING.

BERKSHIRE, J.—In the original opinion of this court, delivered by my Brother Olds, it was held that the evidence was not in the record, and, therefore, no question was presented for our consideration.

Most earnest and able briefs have been filed in support of the petition, and in view of the importance of the case, and in view of the fact that we are now called upon to consider the condition of the record on other grounds than stated in the original opinion, we have considered with much care the reasons assigned in the petition and the able briefs of counsel.

The record on page 53 shows that the case was referred to Albert T. Beck, as master commissioner. This was on the 20th day of February, 1884. On the same day, as disclosed on page 54 of the record, on motion of the master commissioner, he was empowered to employ a stenographer, to be agreed upon by the parties, to take down and write out the evidence adduced at the hearing before the master commissioner. And on the 3d day of July, 1884, and as appears on the same page of the record, the master commissioner

made a report to the court in which he showed that the evi-
dence under the order of the court was taken in short-hand
and then written out in long-hand for the use of the com-
missioner and the court, and that this service was rendered
by Harold Taylor, an official reporter of the court, and a
transcript of the same made by him, for which service there
was due to him $270.

Upon page 58 of the record it appears that on the 4th day
of February, 1885, the master commissioner made and re-
ported his finding and final conclusion in the case to the
court, the following being a copy of the entry:

"Comes now Albert T. Beck, master commissioner, and
files his report and the evidence taken before him in the
cause, in these words and figures, viz. : " and then follows the
report, beginning on page 56. The prefatory part of the
report is as follows :

"STATE OF INDIANA, MARION COUNTY, ss.:

"Agnes Patterson,               No. 27,407.
      *v.*               } Superior Court. Report of
Francis M. Churchman *et al.* }   Master Commissioner.
"*To the Hon. Napoleon B. Taylor,*

              "*Judge of said Court :*

" The undersigned, to whom the above-entitled cause was
referred as master commissioner, with your directions to hear
testimony introduced by the respective parties herein, and
report the same with my findings of facts and conclusions of
law thereon to this court, now respectfully reports, that the
parties hereto appeared before me in person, and by their
respective counsel, and submitted testimony in support of
the issues made by the pleadings herein, which testimony is
herewith reported to the court. Upon said testimony I have
made the following findings of facts, viz. : " and then follows
the findings of the master commissioner.

To the report and finding as made, the appellant filed ex-
ceptions, and on the 29th day of October, 1885, the record,
on page 86, shows the following proceedings :

" Come now the parties, by their attorneys aforesaid, and this cause coming up on the exceptions by the plaintiff to the master's report herein, is, by agreement, submitted for hearing and trial upon the report of the master and the plaintiff's exceptions thereto, and upon the evidence reported by the master and filed herein. And the court having heard, examined and considered said report and the exceptions thereto and the said evidence, does now overrule the said exceptions to the said master's report and finds for the defendants in this cause, to which action of the court in overruling the said exceptions, and in finding for the said defendants, the plaintiff at the time excepted, and now files her motion and written reasons for a new trial of this cause." Then follows the motion for a new trial. After which, upon page 87 of the record, appears the following:

"And the court, being sufficiently advised, now overrules the said motion for a new trial of this cause, and the plaintiff excepts, and thirty days are given to file a bill of exceptions to the foregoing ruling;" and immediately following is a judgment for the defendants.

On the 11th day of November, 1885, as appears on page 90 of the record, the following proceedings were had:

" Comes now the plaintiff, by her attorneys, and files her bill of exceptions herein, which is signed by the court and ordered to be filed. Said bill of exceptions is in these words, viz.: In view of the conclusion to which we have arrived, and what we may say in support of it, we will set out the bill of exceptions in full as it appears in the record, beginning on page 91:

" 'STATE OF INDIANA, MARION COUNTY, ss.:

" 'Agnes Patterson,         No. 27,407.
          *v.*           Plaintiff's Bill of Excep-
Francis M. Churchman *et al.*      tions.

" 'Be it remembered that when this cause came on for hearing upon the master's report, and the plaintiff's exceptions thereto, it was, by agreement of parties, submitted to

the court for hearing and trial, without the intervention of a jury, and on the trial there was introduced the master's report in evidence, as follows, viz., (heretofore inserted in the record, see page —, line — of this transcript) ; and also plaintiff's exceptions thereto, as follows, viz., (heretofore inserted in the record, see page 56, line — of this transcript) ; and also the evidence (stenographer's report) adduced and had at the hearing before the master, which is embodied in and made a part of this bill of exceptions. After the hearing and trial of this cause the court overruled the exceptions of the plaintiff to the master's report, and the plaintiff at the time excepted to said ruling and asked and obtained thirty (30) days to prepare and file her bill of exceptions herein. Be it also remembered that the court, after having heard and considered the evidence in said cause, found for the defendant herein. Thereupon the plaintiff moved for a new trial of this cause, and filed the following reasons, in writing, viz., (inserted in the record, see page 87, line — of the transcript), which motion for a new trial herein was by the court overruled, and the plaintiff at the time excepted and asked and obtained thirty (30) days to file her bill of exceptions herein. The foregoing was all the evidence given on the trial of this cause. The said plaintiff now comes and presents this her bill of exceptions (embodying the official report of the evidence herein) within the time heretofore allowed, and asks that the same may be signed by the court and made a part of the record in this cause, which is accordingly done.

"'NAPOLEON B. TAYLOR, Judge.'"

We copy the following from section 626, R. S. 1881: "It shall not be necessary to copy a written instrument, or any documentary evidence into a bill of exceptions, but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words 'here insert.'" At common law all species of evidence had to appear in full in the bill of exceptions.

The statute referred to above is an innovation upon the common law, and, as it is not a remedial statute, must have a strict construction.

We do not deem it necessary to cite authorities in support of this proposition.

The phrases " written instrument" and " documentary evidence " each have legal definitions. It is not every sheet of paper which has writing upon it that is a " written instrument," nor is it every such paper, though competent it may be to be introduced in evidence, which possesses the qualities that belong to " documentary evidence."

We quote from Anderson's Dictionary of Law : " Instrument. * * 3. Anything reduced to writing : a ' written instrument' or ' instrument of writing ; ' more particularly, a document of a formal or solemn character. * * ' Instruments in writing,' associated in a statute with 'bonds,' 'laws,' ' deeds ' and ' records ' have a restrictive connotation. Independently of such surroundings, the expression, by itself, does not comprehend all written papers, but only written papers of a class. An instrument is ' something reduced to writing as a means of evidence.' Returns of births, marriages, and deaths, to a department of government, are not ' instruments.' A generic term for bills, bonds, conveyances, leases, mortgages, promissory notes, wills, and like formal or solemn writings. Scarcely includes accounts, letters in ordinary correspondence, memoranda, and similar writings, with respect to which the creation of evidence to bind the party, or the establishment of an obligation or title, is not the primary motive."

In Bouvier Law Dictionary the word " instrument" is defined as follows: " The writing which contains some agreement, and is so called because it has been prepared as a memorial of what has taken place or been agreed upon. It includes bills, bonds, conveyances, leases, mortgages, promissory notes, and wills, but scarcely accounts, ordinary letters

or memoranda. The agreement and the instrument in which it is contained are very different things—the latter being only evidence of the former. The instrument or form of the contract may be valid, but a contract itself may be void on account of fraud."

In *Lytle* v. *Lytle*, 37 Ind. 281 (283), this court said: "After mature consideration, we have come to the conclusion that a proper construction of that section of the code (2 G. & H. 104, section 78), and a regard for convenience and economy in practice, require us to hold that a judgment is not a written instrument within the meaning of that section. Deeds, mortgages, bonds, written contracts, promissory notes, bills of exchange, etc., are written instruments (within the meaning of that section). Judgments are in writing, but are not usually called written instruments." See *Wilson* v. *Vance*, 55 Ind. 584.

In *Hazzard* v. *Heacock*, 39 Ind. 172, this court said : " It is also objected that a copy of that portion of the duplicate containing the tax in question is not set out. That was not necessary. The duplicate is not a written instrument within the meaning of the statute requiring copies to be filed." See *Morrison* v. *Fishel*, 64 Ind. 177.

In *City of Logansport* v. *La Rose*, 99 Ind. 117, it was held that the annexation proceedings annexing real estate to a city were not a written instrument within the meaning of the statute. Section 362, R. S. 1881. See *Becknell* v. *Becknell*, 110 Ind. 42 ; *Dumbould* v. *Rowley*, 113 Ind. 353.

The language of said section 362 is, so far as we need quote it, as follows : " When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading."

We can not think that the Legislature referred to one thing as a written instrument in said last-named section, and in said section 626 to something entirely different.

In *State* v. *Kelsey*, 44 N. J. L. 1 (33), the court said: " The information contained in these papers is, in part, ob-

Patterson *v.* Churchman *et al.*

tained by certain designated officers, who are directed by
'actual inquiry or otherwise' to ascertain 'all the mar-
riages, births and deaths' which have happened in their re-
spective townships during the year. Such statements thus
made up have no legal value whatever; they neither, by way
of evidence, record nor attest any fact. How can they, then,
correspond in any reasonable sense to the descriptive phrase,
'instruments in writing?' I can not construe this language
in this broad sense. In my apprehension it has a restrictive
connotation from being associated with such things as bonds,
laws, deeds and records; and independently of such sur-
roundings and connections, the expression, standing by itself,
would not comprehend all written papers, but only written
papers of a class. Abbott, in his Law Dictionary, defines
the word instrument as 'something reduced to writing as a
means of evidence,' Webster describes it as a writing ex-
pressive of 'some act, contract, process or proceeding, as a
deed, contract, writ,'" etc. See *Adams* v. *Coulliard*, 102
Mass. 167.

Documentary evidence, what is it? Webster's second
definition is: "That which teaches authoritatively, sets
forth or establishes; anything furnishing proof or evidence;
especially, an original or official paper relied upon as the
basis, proof, or support of anything else."

Sweet, in his Law Dictionary, gives the following defini-
tion: "In the law of evidence, documents are either public
or private. A public document is one recording facts which
may have been inquired into or taken notice of for the ben-
efit of the public by an agent authorized and accredited for
the purpose. Such are acts of parliament, judgments and
proceedings of courts, records generally, registers of births,
deaths and marriages, and other registers. Public documents
are admissible as evidence of the truth of the facts stated in
them without being verified on oath, some being conclusive
on all the world, while others (and the greater number)
merely afford *prima facie* evidence; that is, hold good until

they are disproved.  Hence public documents are sometimes said to prove themselves.  Private documents include deeds, wills, agreements, and the like."

In Anderson's Law Dictionary we find the following in relation to the words "document," and "documentary:" "Document.  That which conveys information; that which furnishes evidence, or proof; a written or printed instrument."  "Documentary.  Pertaining to what is written; consisting of one or more documents; as, documentary evidence."

Documentary evidence may be divided into two classes: one class relating to public documents, and the other to private writings.

It is conceded by counsel for the appellant that the long-hand report of the evidence, as furnished by the official reporter, is not in the record in accordance with the provisions of sections 1408 and 1410.  The question then arises, is it properly in the record under any recognized rule of practice?

From the citations and quotations which we have given above it is very evident that the long-hand report of the evidence which is filed with the bill of exceptions as a part of it is not a written instrument, nor is it documentary evidence within the meaning of the statute, section 626, *supra*.  But in the case of *Cluck* v. *State*, 40 Ind. 263 (269), this court has expressly decided the question.  Buskirk, J., said: "It is, however, insisted by counsel for the appellant that the bill of exceptions in this case should be held good under the ruling in the above case, for the reason that the reporter's notes should be regarded as a written instrument, or documentary evidence.  We think otherwise.  The words ' written instrument, and documentary evidence,' as used in the statute, evidently had reference to such instruments as were the foundation of the action, or exhibits filed with the pleadings, and to depositions and documentary evidence.  The notes of a reporter appointed by the court to take down

the evidence can not be regarded as documentary evidence. The appointment of a reporter is very convenient, and saves much time, but his notes are not evidence ; but he should write out the evidence in full, and when it has been examined and approved, it should go into the bill of exceptions, and not otherwise ; but it must be *inserted* before it is signed."

This case, so far as we know, has never been modified or criticised, but has been referred to and followed in later cases. See *Stratton* v. *Kennard,* 74 Ind. 302. The most that can be claimed for the long-hand report furnished by the official reporter is, that it is the evidence given and taken down at the trial of the cause.

At common law written as well as oral evidence, given on the trial of the cause, had to be embodied in the bill of exceptions in full and before it was signed by the judge. *Kesler* v. *Myers,* 41 Ind. 543 ; *Irwin* v. *Smith,* 72 Ind. 482 ; *Stratton* v. *Kennard, supra.* The rule is still the same as to parol evidence. *Stewart* v. *Rankin,* 39 Ind. 161, and cases above. And unless the language of the statute (section 626, *supra*), is technically followed, written instruments and documentary evidence will not be regarded as in the record. *Stratton* v. *Kennard, supra ; State, ex rel.,* v. *President, etc., R. R. Co.,* 44 Ind. 350 ; *Irwin* v. *Smith, supra ; Stewart* v. *Rankin, supra.*

As will be observed upon an inspection of the bill of exceptions the evidence is not therein set out, but is only connected therewith by reference, the very thing which the authorities above hold can not be done. If the evidence itself had been embodied in the bill of exceptions there would have been no occasion for the parenthetical references to it therein made. There are certain affidavits filed with the petition to the effect that the long-hand report of the evidence was attached to the other portion of the record by the clerk when he delivered it to counsel for the appellant, but that does not overcome the infirmity.

It does not appear in the affidavits that the long-hand re-

port was attached to the bill of exceptions when the judge signed it, and had the two been thus joined together when the bill of exceptions was signed, it would not have brought the long-hand report into the record; this could only be done by setting it out in the bill of exceptions before it was signed by the judge. If the evidence had been entirely documentary, the reference to it in the form made would not have brought it into the record. This could only have been done by a compliance with the statute.

The rule of practice is a simple one, and there are the greatest reasons why it should be closely followed. Unless strictly complied with we can have no assurance that that which is brought before us as the evidence in the case is in fact the evidence. This very case in its present condition is a good illustration of the importance of the rule.

Suppose ( if the practice were permissible of identifying the record by affidavits) that the appellee would come before us with counter-affidavits as to the identity of that which the appellant claims is the evidence, we then would have to determine a question of fact before we could take up and decide the legal questions involved. The record must import an absolute verity or it is no record. *Rigler* v. *Rigler*, 120 Ind. 431.

When the original opinion was delivered, the argument that had preceded as to the condition of the record was as to whether or not the evidence was in the record under the provisions of sections 1408 and 1410, R. S. 1881, and, therefore, the questions here considered were not then examined.

Petition for a rehearing overruled.

Filed March 19, 1890.