The Ohio and Mississippi Railway Company v. Voight, Administrator.

### No. 14,692.

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. VOIGHT, ADMINISTRATOR.

BILL OF EXCEPTIONS.—*Long-Hand Manuscript How Made Part of.*—A long-hand manuscript is not a written instrument within the meaning of section 626, R. S. 1881, so as to become part of the bill of exceptions by reference. To become part of the record it must be incorporated bodily into the bill of exceptions. Section 1410, R. S. 1881.

SAME.—*Certification of.— When May be Made.*—The clerk of the circuit court can certify the long-hand manuscript of the evidence to the Supreme Court under the provision of section 1410, R. S. 1881, only when the same has been incorporated into a bill of exceptions.

EVIDENCE.—*Not in Record.— Verdict.—Supreme Court.—Presumption.*—Where the evidence is not properly in the record it will be presumed in favor of the rulings of the lower court that the evidence was sufficient to sustain the verdict of the jury.

RAILROAD.—*Postal Agent.—Death from Derailment of Car.— Construction of Car.—Evidence.*—In an action to recover damages on account of the death of a postal agent caused by the car in which he was employed being thrown from the track and demolished, evidence relating to the making and inspection of cars generally, and not confined to the car in question, is inadmissible.

SAME.—*Negligence.—Instruction.— Verdict.*—In such action it was proper to instruct the jury that if the deceased was a postal agent, being carried on the railroad of the defendant, and the car in which the agent and mail were carried ran off the track and thereby killed him without any fault on his part, such facts would make a *prima facie* case of negligence, and would entitle the plaintiff to a verdict, unless it were found that the defendant, and those from whom it procured its cars, had used due care in constructing them, and from time to time had inspected them and failed to find any defects contributing to the injury.

SAME.—*Probable Earnings of Deceased.—Measure of Damages.—Instruction.*— An instruction to the jury that they might assess as damages what the deceased "*might*" have earned," not to exceed $10,000, during the period of his life in which he would have probably earned money, less proper deductions for cost of support and for the present payment of the damages assessed, is a proper instruction as to the measure of damages, where the jury in addition are instructed as to taking into consideration, as bearing upon the sum he would earn, his industry, sobriety, health, etc.

From the Knox Circuit Court.

*W. H. De Wolf, E. H. De Wolf, H. D. McMullen, W. R. Johnston, W. M. Ramsey, L. Maxwell, Jr., R. Ramsey* and *S. N. Chambers*, for appellant.

*G. G. Reily*, for appellee.

COFFEY, J.—Robert E. Baker, deceased, was a postal clerk in the employ of the United States, and had charge of a car on a train carrying the mail between the city of Cincinnati, in the State of Ohio, and the city of St. Louis, in the State of Missouri. On the 29th day of July, 1887, while deceased was in his car, attending to his duties as such postal clerk, and while the train was running at a high rate of speed, one of the axles of the tender broke, throwing the train from the railroad track, by reason of which the postal car in which the deceased was travelling was wholly demolished, and the deceased lost his life. This action was brought by the administrator of his estate for the purpose of recovering damages on account of his death, for the benefit of his next of kin, under the provisions of our statute upon the subject.

It is charged in the complaint that the death occurred wholly on account of the negligence of the appellant, and without any fault or negligence on the part of the deceased ; that on said day while said postal car was being hauled by the appellant's officers and servants, in a regular passenger train on appellant's railway, near the city of Aurora, in Dearborn county, Indiana, and while the deceased was in said car in charge of the mails, said car was thrown off said railway track to the ground beneath with great force and violence and broken to pieces, and so crushed and destroyed that the decedent was thereby thrown out of the same and against and under another car in said railroad train and thereby killed ; that said postal car, at the time it was so thrown from said railroad track, was attached to the locomotive-tender, and was being hauled by the same.; that said locomotive-tender broke the rear

axle thereof, and said axle by reason thereof fell upon the track and was dragged along and upon the cross-ties of said railroad, tearing the same loose from the track, thereby displacing the same, so that said postal car was thereby thrown from the track ; that said axle was defective, and unfit for the purpose for which it was used, in this : that the iron of which it was composed was unsound, and had been imperfectly heated and welded together ; that the same was broken one-third of the distance from its surface towards the center thereof, at the point where broken as aforesaid, and had been so broken for several months prior to said accident, and that said defects, by proper inspection, might have been known to the appellant ; that said axle had been used in said tender by appellant until the same had become brittle in consequence thereof, which appellant knew, or ought to have known ; that said postal car was old and weak, and unfit for use as such ; that the timbers were not sufficiently strong nor securely braced and nailed, or riveted together, so that on account of said defects it broke to pieces and threw said deceased out, whereas if it had been sufficiently strong it would not have broken, but would have held together, and would have protected the deceased from the injuries which resulted in his death.

A trial of the cause resulted in a verdict and judgment for the appellee, from which judgment appellant appeals to this court.

With the general verdict the jury returned answers to interrogatories, from which it appears that the wreck in which the decedent lost his life occurred by reason of the breaking of one of the axles under the tender attached to the engine which was hauling the train ; that the postal-car, in which the deceased was travelling, had been properly constructed, but that by reason of age and long use it had become frail and weak and was unfit for use, and by reason thereof was broken up in the wreck, thereby causing the death of the decedent.   The errors assigned are :

*First.* The court erred in overruling the appellant's motion to strike out part of the deposition of Vaden C. Yelton.

*Second.* The court erred in overruling the appellant's motion to require the jury to make its answer to interrogatory number six more specific, and state the name of appellant's agent who was guilty of the negligent act which caused the death of Robert E. Baker.

*Third.* The court erred in overruling the appellant's motion for judgment in its favor on the answers of the jury to interrogatories.

*Fourth.* The court erred in overruling the appellant's motion for a new trial.

The first, second and third assignments of errors are not discussed by counsel, and must, therefore, under the well-known rule of this court, be regarded as waived, and need not be further noticed.

Under the fourth assignment of error, it is insisted that the evidence in the cause does not support the verdict of the jury. This objection is met by appellee with the contention that the evidence is not in the record, and that we must, therefore, presume that the evidence was sufficient to support the verdict.

There appears in the record of this cause a certified copy of a bill of exceptions, signed by the special judge before whom it was tried, purporting to set out the evidence given in the cause, in which appear certain depositions read in behalf of the appellee. Following these depositions appears in said bill the following language:

"The plaintiff introduced and examined, orally, the following named witnesses, to wit: Peter E. Grimes, Frederick A. Voight, Mrs. Phœbe Baker, whose testimony was taken in short-hand by William H. Pope, short-hand reporter appointed by the court, and duly sworn, whose long-hand report of the oral testimony is filed as a part of the record in this cause, and is made a part of this bill of exceptions."

Following this language is a motion to strike out parts of certain depositions, after which appears the following language:

"And the defendant, to sustain the issue on its part, introduced and orally examined the following named witnesses, to wit: Gabriel M. Donald, Lucius C. Johnson," (and seventeen others). "And the rulings of the court in respect to the admission and rejection of evidence, and the objections thereto, were made and taken as noted, and a verbatim report of such evidence, and the objections and exceptions thereon and thereto were made by said William H. Pope, official short-hand reporter, of which evidence, rulings, objections and exceptions so made and taken, the following is the original long-hand manuscript as the same was taken and filed, and is hereby made a part of this bill of exceptions."

Nothing appears in the body of this bill purporting to be the long-hand manuscript of the short-hand reporter's notes of the evidence in the cause. If the long-hand manuscript is a part of the record in the cause, it is not because it is made so by being incorporated, bodily, into a bill of exceptions, but because it is made so by the reference made to it in the bill of exceptions as above set forth. A long-hand manuscript is not a written instrument within the meaning of section 626, R. S. 1881.

The clerk of the circuit court can certify the long-hand manuscript of the evidence to this court under the provision of section 1410, R. S. 1881, when the same has been incorporated in a bill of exceptions, and in no other case. It is held under this section that to make such long-hand manuscript a part of the record it must be incorporated, bodily, into a bill of exceptions. *Wagoner* v. *Wilson*, 108 Ind. 210; *Butler* v. *Roberts*, 118 Ind. 481; *Doyal* v. *Landes*, 119 Ind. 479; *Patterson* v. *Churchman, post*, p. 379.

That was not done in this case. At common law a bill was required to be perfect in all its parts before the attesta-

tion of the judge.  *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460.

If a dispute were to arise in this cause as to whether what purports to be the long-hand manuscript of the evidence, found with the papers, is the manuscript referred to in the bill of exceptions, we would not be able to settle that dispute by the record before us.

In our opinion the evidence in the cause is not in the record, and we must presume, therefore, in favor of the ruling of the circuit court, that the evidence was sufficient to sustain the verdict of the jury.

The proper mode of incorporating the long-hand manuscript into a bill of exceptions, and thus making it part of the record, is fully and carefully pointed out in the case of *Wagoner* v. *Wilson, supra;* and the mode therein indicated should be pursued.  If parties choose to adopt a different mode they do so at the risk of failing, in their effort, to get the evidence before this court in any legitimate manner.

It is urged by the appellant that the circuit court erred in excluding certain testimony offered by it in relation to the repair of the car in which Baker was travelling at the time of his death, which repairs it was claimed were made in the year 1886.  It is also claimed that the court erred in permitting one Grimes, a witness called on behalf of the appellee, to testify to certain facts; and, also, in sustaining an objection made by the appellee to the evidence of one Hays, offered by the appellant.

It is sufficient to say, that as to all the evidence above referred to, except the evidence of Hays, it nowhere appears in the record.  The matter argued does appear in what purports to be the long-hand manuscript, but as that is not properly before us it can not be considered by us for any purpose.

The testimony of Hays, excluded by the court, consists of a hypothetical question in relation to the resisting power of

the mail car in which the deceased was travelling at the time of his death, and the answer thereto.

As the evidence in the case is not before us we must presume, in favor of the ruling of the circuit court, that there was no case before the court or jury trying the cause to which the hypothetical case put to the witness could apply. Every presumption is indulged in favor of the correctness of the ruling of the trial court, and the burden of showing that such ruling was erroneous rests upon the party asserting that such error exists.

The appellant also complains of the action of the circuit court in suppressing parts of the depositions of Malcome Baxter, George C. Hays, and Chandler R. Hays.

The matter suppressed, if it can be said to be admissible at all, related to the material of which the mail car was constructed, and the manner in which it was built.

As the jury found, in answer to special interrogatories, that Baker lost his life, not by reason of any defect in the manner of constructing the car in which he was travelling, or any defect in the material of which it was constructed, but by reason of the fact that the car had become weak and unfit for use on account of long service, the matter suppressed would seem to be of little importance to the case as it comes to us.

But the matter suppressed was not, in our opinion, proper evidence in the cause. It consisted of matter relating to the making and inspection of cars generally, and was not confined, as it should have been, to the car then under investigation.

The court, at the request of the appellee, instructed the jury as follows :

"1. If you find, from the evidence, that the plaintiff's decedent, Robert E. Baker, was a postal agent in charge of the United States mails, being carried by the defendant on its railroad, and that the car in which said Baker and said mail was being carried ran off the railway track, and thereby

killed said Baker without any fault on his part, such facts would make a *prima facie* case of negligence, and would entitle the plaintiff to a verdict, unless you find that the defendant, and those from whom it procured its cars, had used due care in constructing its cars, and had from time to time carefully inspected said cars to see if they remained in proper order, and had failed to find any defects in the same which contributed to said injury."

The appellant asked the court to give to the jury the following additional instruction, which the court refused:

" 1.   When a train of railroad cars, carrying passengers, runs off, or is thrown from, the track, the presumption is there is negligence somewhere. But if a car in such train is, because of having so run off, or being thrown from the track, broken or destroyed, the presumption of negligence does not necessarily arise that the car so broken or destroyed was improperly built or constructed, or that there was a defect in such car."

The instruction given by the court was a correct statement of the law as applicable to this case. *P. C. and St. Louis R. R. Co.* v. *Williams*, 74 Ind. 462 ; *Jeffersonville R. R. Co.* v. *Hendricks*, 26 Ind. 228 ; *Edgerton* v. *N. Y., etc., R. R. Co.*, 39 N. Y. 227.

We can not say that the court erred in refusing the instruction asked by the appellant.   Conceding, without deciding, that it states the law correctly, it may have been refused because not applicable to the evidence in the cause. *Leary* v. *Meier*, 78 Ind. 393 ; *Powell* v. *Pierce*, 11 Ind. 322 ; *Blizzard* v. *Bross*, 56 Ind. 74.

Finally : it is claimed by the appellant that the court erred in its instructions to the jury upon the subject of the measure of damages.   The court instructed the jury that they were entitled to assess as damages " a sum equal to the amount the deceased *might* have earned, as shown by the evidence, not to exceed the sum of $10,000 during the period of his life, in which he would have probably earned money,

deducting therefrom the reasonable cost of his own support, and making a fair deduction for the present payment of said sum."

It is urged by the appellant that it was not what the deceased *might* have earned, but he probably *would* have earned considering his habits of industry, occupation, opportunities for employment, health, prospects of life, etc., that should determine the amount of recovery.

Conceding that the appellant is right in its contention, still, when all the instructions upon the subject of damages are construed together, we do not think the court erred.

In addition to that above quoted, the jury were instructed that "in determining these matters (the damages to be assessed) you should be governed, also, by ordinary human knowledge and experience as to age at which he would likely have remained capable of labor, or doing business, considering the evidence concerning his health, his habits of sobriety, industry, and personal merits and demerits, as shown by the evidence."

It is thus seen, that when all the instructions upon the subject of the measure of damages are considered together, they do not fix a rule differing materially from that contended for by the appellant.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed Feb. 26, 1890.