Filed Sept. 16, 1890.

———————◆———————

No. 15,201.

FISCUS *v.* TURNER ET AL.

BILL OF EXCEPTIONS.—*Long-Hand Manuscript of Official Reporter.—Failure to Incorporate in Bill of Exceptions.*—Where the original long-hand manuscript of the evidence, made by the official reporter, is not embodied in the bill of exceptions signed by the circuit judge, as required by section 1410, R. S. 1881, the evidence does not become a part of the record, and can not be considered.

Fiscus *v.* Turner *et al.*

INSANITY.—*Unsoundness of Mind.—Instruction.*—An instruction to the jury in an insanity proceeding, that one so far deprived of reason as to be incapable of understanding and acting with discretion in the ordinary affairs of life is insane within the meaning of the law, is a correct definition of insanity, and is unobjectionable.

SAME.—*Instruction.—Facts in Case.—How Determined.*—It was not error to instruct the jury in a proceeding charging a party with insanity that they were to determine the facts in the case from the evidence alone. The statute (section 2547, R. S. 1881) requiring the party charged with insanity to be produced in open court when possible, was designed to prevent fraud in the procuring of verdicts of insanity without affording the defendant an opportunity of being heard. It does not permit the jury to make their verdict upon the appearance and conduct of such person. Where, however, the party charged with insanity testifies in the cause, his conduct is to be considered by the jury as the conduct of any other witness is considered.

SAME.—*Non-Expert Witnesses.—Evidence.*—In such proceeding an instruction that the opinions of non-expert witnesses were to be weighed by the facts upon which they were based was not erroneous.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*J. K. Ewing* and *C. Ewing,* for appellees.

COFFEY, J.—This was a proceeding by the appellees against the appellant, in the usual form, to have her declared insane and to procure the appointment of a guardian. Upon issues formed the cause was tried by a jury, resulting in a verdict to the effect that appellant was a person of unsound mind, and incapable of managing her estate. Overruling a motion for a new trial, the court rendered judgment on said verdict, from which this appeal is prosecuted.

The only error properly assigned in this court is the one calling in question the action of the circuit court in overruling the motion for a new trial.

Many questions discussed by counsel for appellant in his able brief, under this assignment, relate to the evidence in the cause, and at this point we are met with an objection from the appellees, to the effect that the evidence is not in the record. It appears from the return to a writ of *certiorari*

that the long-hand manuscript of the official reporter was not embodied in a bill of exceptions signed by the circuit judge as required by the provisions of section 1410, R. S. 1881. The evidence in the cause is not, therefore, a part of the record, and can not be considered by us. Wagoner v. Wilson, 108 Ind. 210; Doyal v. Landes, 119 Ind. 479; Ohio, etc., R. W. Co. v. Voight, 122 Ind. 288.

It is settled that in this state of the record we can not consider any question which can not be properly decided in the absence of the evidence.

The court, on the trial of the cause, of its own motion, among other instructions, gave to the jury the following:

" 4. Unsoundness of mind is where there is an essential privation of the reasoning faculties, or when a person is incapable of understanding and acting with discretion in the ordinary affairs of life. Therefore, if you believe from the evidence in this cause that in Nancy Fiscus there is an essential privation of her reasoning faculties, or if she is incapable of understanding and acting with discretion in the ordinary affairs of life, then she is a person of unsound mind, and incapable of managing her estate, and you should so find. If, on the other hand, she is capable of understanding and acting with discretion in the ordinary affairs of life, she is a person of sound mind, and capable of managing her estate.

" 5. What the facts in this case are you are to determine from the evidence, and that alone.

" 6. Witnesses who have talked with, transacted business with, and otherwise known Nancy Fiscus, have been permitted to give their opinions as to the condition of her mind, and as to whether or not she is capable of managing her estate; but these opinions were predicated upon the facts as they have detailed them to you, and it is for you to determine, having listened to the facts upon which such opinions have been predicated, whether or not the facts as stated by any given witness warranted the opinion expressed by the

witness, or to what extent the same was warranted, and only such weight is to be given to the opinions you have heard expressed as the facts upon which they were founded would warrant."

It is urged by the appellant that the fourth instruction above set out is vague, indefinite, confusing and uncertain, and erects no standard of judgment, no criterion by which to weigh, measure or judge of the evidence, or to discharge the duty of a juror.

The definition of insanity contained in this instruction seems to have been taken from the case of *Wray* v. *Wray*, 32 Ind. 126, which was in that case approved by this court. We think counsel is mistaken in his contention that the instruction does not fix any standard by which the jury is to be governed. The jury were told, in substance, that if Nancy Fiscus, the appellant, was so far deprived of reason that she was no longer capable of understanding and acting with discretion in the ordinary affairs of life, she was insane within the meaning of the law. This we think was a correct definition of insanity, and one that was easily understood by the jury.

The objection urged to the fifth instruction is, that it took from the jury their right and duty to consider the demeanor, conduct, appearance and behavior of the appellant while on the witness-stand. The argument is that the Legislature by the enactment of section 2547, R. S. 1881, intended that the defendant, in cases like this, should be present in court to the end that he or she might be seen by the jury and heard testify, if capable of testifying, and that the appearance and conduct of the defendant in such cases should be considered by the jury in making their verdict.

We do not agree with counsel in this contention. We think the object sought to be attained by the enactment of this section was the prevention of frauds in procuring verdicts and judgments of insanity without an actual opportu-

nity to the defendant of being heard. For this reason the law requires that the party charged with being insane shall, if possible, be produced in open court in order that he may hear and have actual knowledge of what is being done, and may meet the witnesses face to face. As the party charged in such a case may be deprived of his property and of his liberty, it was doubtless thought by the Legislature that it was as important that he should be actually present as it would be if he were charged with a criminal offence. But to permit the jury to make their verdict upon the appearance and conduct of the person charged with insanity would lead to the utmost confusion, and would render it impossible for this court to determine whether any case of the kind was or was not supported by the evidence. One juror might determine that the party appeared to him to be insane, while another might arrive at a different conclusion. The only legal mode of determining an issue of the kind here presented is by the evidence in the cause, as any other issue in a cause must be determined.

If a party charged with insanity should testify in the cause, then his conduct is to be considered by the jury, as the conduct of any other witness is considered, and so the jury were told, in this case, by the court in another instruction. The instruction now under consideration, when construed in connection with the other instructions in the cause, was not erroneous.

It is urged that the sixth instruction is erroneous in that it informs the jury that the opinions of non-expert witnesses are to be weighed by the facts upon which they are based. We do not think this was error. A non-expert witness is not permitted to give an opinion as to the sanity or insanity of a particular person without first stating the facts upon which such opinion is based. The weight to be given to such opinion depends, necessarily, upon the facts upon which it is based. *Staser* v. *Hogan*, 120 Ind. 207; *Burkhart* v. *Gladish*, 123 Ind. 337.

The case of *Cline* v. *Lindsey*, 110 Ind. 337, is not in point, as contended by the appellant in this case.    The instruction in that case differed widely from the instruction now under consideration, and was held erroneous on the ground that the court invaded the province of the jury in assuming to decide that one class of testimony was entitled to greater weight than another class.    The instruction before us is not subject to that objection.

Finally it is argued that the court erred in not instructing the jury that they should take into consideration the appearance, conduct and demeanor of Nancy Fiscus, the appellant, while in court.

As we have said, the jury must decide the case by the evidence introduced on the trial of the cause.  If the appearance, conduct and demeanor of Nancy Fiscus are to be regarded as evidence in the cause, then the jury were told generally that the cause was to be decided by them according to the evidence.    The instructions of the court, so far as they went, were correct, and if the appellant desired further instructions she should have asked for them.    As she did not do so she can not complain now that they were not given.    *Jones* v. *Hathaway*, 77 Ind. 14; *White* v. *Beem*, 80 Ind. 239; *Simpkins* v. *Smith*, 94 Ind. 470; *Adams* v. *Stringer*, 78 Ind. 175.

Some other questions are presented and argued, but as they can not be properly decided in the absence of the evidence in the cause they are not considered.

There is no error in the record.

Judgment affirmed.

Filed May 26, 1890; petition for a rehearing overruled Sept. 18, 1890.