Dick *et al. v.* Mullins *et al.*

Filed May 25, 1891.

---

No. 16,084.

DICK ET AL. V. MULLINS ET AL.

| | |
|---|---|
| 128 | 365 |
| 129 | 470 |
| 128 | 365 |
| 130 | 466 |
| 128 | 365 |
| 131 | 421 |

PRACTICE.—*Motion to Dismiss Appeal.*—*Notice to Appellants.*—*Supreme Court Rule.*—Under Rule 14 of the Supreme Court, a motion to dismiss an appeal because of the alleged insufficiency of the notice of appeal, will be overruled if the appellants have not been given notice of the motion.

BILL OF EXCEPTIONS.—*How Evidence Made Part of.*—*Stenographer's Report*— A bill of exceptions incorporating the evidence is always essential, as the evidence must come to the appellate tribunal under the sanction of the trial judge. Evidence can not be brought into a bill of exceptions by reference to a stenographer's report, but the report itself may be incorporated.

From the Pulaski Circuit Court.

*W. Spangler* and *J. M. Spangler,* for appellants.

*B. Borders* and *F. L. Dukes,* for appellees.

ELLIOTT, J.—Notice of the appeal was served upon the appellees, and the service is proved by the acknowledgment of their attorney. They have filed a motion to dismiss the appeal because of the alleged insufficiency of the notice of appeal, but they have not given the appellants notice of the

motion. The rules of the court require notice of such motions, and there must be a compliance with those rules. Rule XIV. The motion to dismiss the appeal is overruled, with instructions to the clerk to tax the costs of the motion against the appellees.

The questions argued by the appellants' counsel require an examination of the evidence, and that is not before us. The stenographer's report of the evidence does not, and can not, make the evidence a part of the record. The recital of the record is this: "And the defendants filed and presented a bill of exceptions, No. 1 being the stenographer's long-hand report of the evidence, taken upon the trial of this cause." The report is appended to the record, and is preceded by the certificate of the clerk. It is entirely clear that evidence can not be brought into the record in the mode here adopted. *Clark* v. *State, ex rel.,* 125 Ind. 1, and cases cited; *Fiscus* v. *Turner,* 125 Ind. 46; *Ohio, etc., R. W. Co.* v. *Voight,* 122 Ind. 288; *Doyal* v. *Landes,* 119 Ind. 479; *Wagoner* v. *Wilson,* 108 Ind. 210.

A bill of exceptions incorporating the evidence is always essential, as the evidence must come to the appellate tribunal under the sanction of the trial judge. There is no necessity for copying the stenographer's report, but the report must be embodied in the bill of exceptions before the judge signs it. Evidence can not be brought into a bill by reference to a stenographer's report, but the report itself may be incorporated. *Patterson* v. *Churchman,* 122 Ind. 379.

Judgment affirmed.

Filed May 25, 1891.