Morningstar v. Musser *et al.*

No. 15,102.

MORNINGSTAR v. MUSSER ET AL.

BILL OF EXCEPTIONS.—*Practice.*—*Evidence.*—Where the stenographer's report is referred to in the bill of exceptions, but is not incorporated therein, it does not become part of the bill.

PRACTICE.—*Alleged Admission of Incompetent Evidence.*—*Prejudicial Error Must be Shown.*—Where the evidence is not in the record, the judgment will not be reversed on account of the admission of alleged incompetent evidence, unless it is affirmatively made to appear that its admission was error, and that the appellant was harmed thereby.

From the Owen Circuit Court.

*D. E. Beem, W. Hickam, C. G. Renner* and *W. R. Harrison,* for appellant.

*G. A. Adams* and *J. S. Newby,* for appellees.

ELLIOTT, J.—In the bill of exceptions incorporated in the record the report of the stenographer is referred to as containing the evidence, but the report is not made part of the bill, nor was there any attempt to make it a part of the bill except by a general reference. That evidence can not be brought into the record in the mode here pursued has been declared in many cases. *Wagoner* v. *Wilson,* 108 Ind. 210, and cases cited; *Fahlor* v. *State,* 108 Ind. 387; *Stone* v. *Brown,* 116 Ind. 78; *Flint* v. *Burnell,* 116 Ind. 481; *Butler* v. *Roberts,* 118 Ind. 481; *Colt* v. *McConnell,* 116 Ind. 249; *Doyal* v. *Landes,* 119 Ind. 479; *Patterson* v. *Churchman,* 122 Ind. 379; *Stevens* v. *Stevens,* 127 Ind. 560, and cases cited p. 563; *Dick* v. *Mullins,* 128 Ind. 365.

The settled rule is, and long has been, that only written evidence can be made part of the bill by reference. *Patterson* v. *Churchman, supra; Cluck* v. *State,* 40 Ind. 263; *Stratton* v. *Kennard,* 74 Ind. 302; *Stewart* v. *Rankin,* 39 Ind. 161. At common law the whole evidence, written as well as oral, was required to be embodied in the bill before it was signed. *Irwin* v. *Smith,* 72 Ind. 482, and cases cited

pp. 448, 449; *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460, and cases cited p. 468. It is only by virtue of the statute that written evidence can be carried into the bill by reference, and the use of the words " here insert." *Patterson* v. *Churchman, supra,* and authorities cited p. 389. We can not, therefore, regard the evidence as in the record.

It is incumbent upon an appellant to bring to this court a proper record. *Fellenzer* v. *Van Valzah,* 95 Ind. 128; *McArdle* v. *McGinley* 86 Ind. 538; *Collins* v. *United States Ex. Co.,* 27 Ind. 11. It is further incumbent upon him to present such a record as affirmatively shows error, and that the error was probably prejudicial. This is true for the reason that he must overcome the presumption which prevails in favor of the ruling of the trial court that no harmful errors were committed. It has been held in a great number of cases that a judgment will not be reversed unless the record makes it appear that there was error prejudicial to the substantial rights of the appellant. *Wayne County Tp. Co.* v. *Berry,* 5 Ind. 286; *McDermitt* v. *Hubanks,* 25 Ind. 232; *Nixon* v. *Campbell,* 106 Ind. 47; *Louisville, etc., R. W. Co.* v. *Thompson,* 107 Ind. 442; *Harter* v. *Eltzroth,* 111 Ind. 159; *Cline* v. *Lindsey,* 110 Ind. 337; *Perkins* v. *Hayward,* 124 Ind. 445; *Shugart* v. *Miles,* 125 Ind. 445, and cases cited; *Rogers* v. *Leyden,* 127 Ind. 50 (55). There may, of course, be cases where the character of the ruling as exhibited by the record discloses its prejudicial influence, but the mere showing that an error was committed is not always sufficient. Where immaterial evidence is admitted the rule is that the error is harmless because such evidence could not have influenced the verdict, but where material evidence is admitted and there is a probability that it worked injury it will be sufficient to warrant a reversal. *King* v. *Enterprise Ins. Co.,* 45 Ind. 43; *Weik* v. *Pugh,* 92 Ind. 382; *Taylor* v. *Williams,* 120 Ind. 414. It is correctly held in *Medsker* v. *Pogue,* 1 Ind. App. 197, and in *Houk* v. *Allen,* 126 Ind. 568, that an erroneous ruling may, where the

record fully and properly shows it to be material and influential, authorize the inference that it prejudiced the party against whom it was admitted, but it is probable that in the latter case some of the expressions are too strong. In the case before us the evidence asserted to be incompetent is not in the record, and hence there is no affirmative showing of error, much less is there any showing warranting the inference that the alleged wrongful rulings probably influenced the jurors in making their verdict.

