No. 367.

## SINCLAIR, ADMINISTRATRIX, v. HANNA.

BILL OF EXCEPTIONS.—*Sufficiency.*—*Attempted Incorporation of Oral Instructions by Reference.*—An oral instruction, by whomsoever reduced to writing after its delivery, is not a "written instrument" within the meaning of section 626, R. S. 1881, which authorizes written instruments to be brought into the bill of exceptions by the use of the words "here insert." Such an instruction must be copied into the bill when it is signed by the judge.

From the Allen Circuit Court.

*H. Colerick*, for appellant.

*W. H. Shambaugh*, for appellee.

NEW, J.—This action was brought by the appellee against the appellant, as administratrix of the estate of Samuel E. Sinclair, deceased, to recover one-half of an attorney fee of five hundred dollars alleged to have been collected and wholly appropriated to his own use by the decedent, said fee belonging jointly and equally to the appellee and the decedent as partners in the practice of law.

The appellant answered in three paragraphs: The general denial, payment and set-off. There was a trial by jury, with verdict and judgment for $250 in favor of the appellee.

Of the errors assigned by the appellant, the overruling of her motion for a new trial is the only one discussed. And of the reasons named for a new trial the only one we have been asked to consider relates to instruction numbered three of the oral instructions given to the jury by the court upon its own motion.

No question, in our opinion, in reference to the instructions is properly in the record.

In order that instructions may be reviewed in this court they must be made a part of the record by a bill of exceptions, or as provided by sections 533 and 535, R. S. 1881.

In the case in hearing there was an attempt to make the oral instructions a part of the record by a bill of exceptions.

By the record as first filed the instructions appeared to be properly brought into the record by a bill of exceptions. A transcript of the original bill of exceptions, however, as certified up, in response to a writ of *certiorari* issued on motion of the appellant, shows that the instructions had not been copied into the bill when it was signed by the judge and filed in the office of the clerk of the circuit court.

In the bill signed by the judge a place for the oral instructions given was indicated by the initials of the words " here insert " in parenthesis.

We do not think that the signing thus of a skeleton bill of exceptions, which undertakes to incorporate oral instructions by " here insert," amounts to an authentication of the instructions by the court.

Section 626, R. S. 1881 is as follows:

" The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court. It shall not be necessary to copy a written instrument or any documentary evidence into a bill of exceptions, but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words ' here insert:' *Provided*, That if a motion for a new trial shall be filed in a cause in which such decision, so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may then be given by the court within which to reduce such exception to writing."

This section of the code, it will be seen, provides that in the preparation or making up of a bill of exceptions it shall not be necessary to copy " a written instrument or any documentary evidence " into the bill, but it shall be sufficient to refer to " such evidence," if its appropriate place be designated by the words " here insert."

In *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31, the instructions were in writing, signed by the court, and other-

wise so described and identified in the bill of exceptions that the clerk could not well mistake the instructions which were to be copied by him into the transcript of the bill, and when the transcript was thereafter read, the instructions so copied could, without difficulty, be recognized as the instructions referred to in the bill. The court held that the instructions being thus described and identified, the clerk could, in making up the transcript, copy the instructions into that part of the bill where occurred the words " here insert."

This would seem to be a very free or liberal construction of the words " written instrument," but we do not see how oral instructions, by whomsoever reduced to writing after their delivery and after they have fully performed their office with the jury, can be held to be a " written instrument " within the meaning of the statute quoted.

The " written instrument " or " documentary evidence " referred to in the statute, must, in our opinion, be in existence at the time when it or they first enter into and become a part of the proceedings in the case. This, as it seems to us, is too plain to require elaboration.

The Revised Statutes of 1852 (2 Gavin & Hord, 209, section 343) contained a provision identical with section 626, R. S. 1881, except the proviso found in the latter.

In *Cluck* v. *State*, 40 Ind. 263, the court, in construing the words " a written instrument or any documentary evidence," as found in said section, held that those words " evidently had reference to such instruments as were the foundation of the action, or exhibits filed with the pleadings, and to depositions and documentary evidence." The court, it will be observed, does not mention instructions, whether written or oral.

Whether this is giving to the statute a construction too narrow or too broad we need not say, but the case is one which is not without weight in the solution of the question we are now considering.

At the November term, 1885, of the Supreme Court, which

was the term following the decision in the case of *Cincinnati, etc., R. R. Co.* v. *Butler, supra,* it was, in *Lowery* v. *Carver,* 104 Ind. 447, in effect held that the original long-hand manuscript of the evidence could, under the section in question, be incorporated by the clerk into the bill of exceptions where a place therefor was indicated therein by the use of the words " here insert." Since then, however, it has repeatedly and correctly, as we believe, been held by the Supreme Court that the clerk has no such power ; that the stenographer's manuscript of the evidence must be bodily incorporated in the bill before it is signed. *Wagoner* v. *Wilson,* 108 Ind. 210 ; *Doyal* v. *Landes,* 119 Ind. 479 ; *Clark* v. *State, ex rel.,* 125 Ind. 1 ; *Fiscus* v. *Turner,* 125 Ind. 46 ; *Walter* v. *Uhl, post,* p. 219. See, also, *Cluck* v. *State, supra; Stewart* v. *Rankin,* 39 Ind. 161.

The oral instruction complained of is not properly in the record.

The judgment is affirmed, with costs.

