## LOWDER ET AL. *v.* LOWDER ET AL.

WILL.—*Mental Capacity of Testator.—Evidence.—Former Will.—Practice.— Supreme Court.*—In an action to set aside a will, the contents of a former will, made and destroyed by the testator, may or may not have a tendency to show that he was of unsound mind; but, when evidence, offered to prove the contents of such former will, is excluded, the Supreme Court can not say it was error, in the absence of a statement of what was expected to be shown as the contents of the former will.

SAME.—*Instruction to Jury.*—The court instructed the jury, in such case, as follows : "In legal contemplation, one who has sufficient mind to know and understand the business in which he is engaged, who has sufficient mental capacity to enable him to know and understand the extent of his estate, the persons who would naturally be supposed to be the objects of his bounty, and who could keep these in his mind long enough to, and could, form a rational judgment in relation to them, is a person of sound mind." *Held,* that the instruction is correct.

SAME.—It is not error, in such case, for the court to instruct the jury as to different theories of mental soundness, that, as to such "distinctions and classifications of theories," they have nothing to do, except so far as they may actually assist them in coming to a conclusion.

SAME.—It is not error to instruct the jury, that the mind may be sound, while the memory is impaired.

SAME.—*Particularizing Errors.*—The Supreme Court will not search through voluminous instructions for errors, where counsel have failed to particularize or suggest them.

From the Lawrence Circuit Court.

*F. Wilson* and *M. T. Dunn,* for appellants.

*G. Putnam, G. W. Friedley* and *H. C. Duncan,* for appellees.

WORDEN, J.—Complaint by the appellants, against the appellees, to contest and set aside the will of Ralph Lowder, deceased.

There were two paragraphs in the complaint; the first alleging the unsoundness of the mind of the testator, at the time of the execution of the will, and the second, that the will was unduly executed.

Trial by jury; verdict and judgment for the defendants ; new trial refused, and exception.

The new trial was asked on the ground that the ver-

dict was not sustained by the evidence, and was contrary to law, and that the court had erred in refusing to admit certain evidence offered, and in giving certain specified charges, and in refusing others.

The following is a statement of the evidence offered and rejected:

On the trial, the plaintiffs proved by Mecca Boyd, that, before the making of the will in question, the testator had made another will, which the witness, at the request of the testator, destroyed, by burning it in his presence.

The plaintiffs next introduced George W. Boyd as a witness, and the record proceeds as follows:

" Plaintiffs here having proved the destruction of the first will by the preceding witness, Mecca Boyd, now offered to prove by George W. Boyd, the witness on the stand, the contents and provisions of the first will, destroyed as aforesaid, which being ruled out by the court as irrelevant and immaterial, the plaintiffs at the time excepted."

The appellants, in their brief, say, in reference to the evidence thus excluded, " Where the question is one of mental soundness, evidence of the making of other wills, and their contents, has always been regarded as competent and valuable evidence touching the capacity of the testator to make a will."

No authorities, however, are cited in support of the position. The fact that the testator made a former will, which was destroyed at his request, was proved by the plaintiffs, without apparent objection.

The contents of the former will might or might not have had a tendency to show that the testator was of unsound mind. We can not say that any error was committed in rejecting the evidence, because we can not say, in the absence of any statement of counsel, as to what was expected to be shown as the contents of the will, that it would have had any tendency whatever to show that the testator was of unsound mind, or otherwise.

The case falls clearly within *Cones* v. *Binford*, 54 Ind. 516, *Mitchell* v. *Chambers*, 55 Ind. 289, and *Graeter* v. *Williams*, 55 Ind. 461.

The counsel for the appellants say, in their brief, of the instructions given, "These instructions are so voluminous that we will not undertake to particularize the errors which we observed in them severally."

But, in order to hold them, or any of them, erroneous, the court must particularize, and point out in what the error consists. The counsel can hardly expect the court to wade through these voluminous instructions in search of errors not particularized or suggested. But the counsel have pointed out some objections to a part of the instructions, which we proceed to consider.

The third instruction given was as follows:

"All persons, except infants and persons of unsound mind, may make a will. Then the question we will first consider is, what amount of mind is sufficient to make a will, and what is unsoundness of mind? In legal contemplation, one who has sufficient mind to know and understand the business in which he is engaged, who has sufficient mental capacity to enable him to know and understand the extent of his estate, the persons who would naturally be supposed to be the objects of his bounty, and who could keep these in his mind long enough to, and could, form a rational judgment in relation to them, is a person of sound mind. If he has not mental capacity to this extent, he would not be a person of sufficient disposing mind."

The counsel for the appellants merely say of this charge, that it falls short of stating a correct rule for determining the question of soundness of mind. Wherein the charge falls short, is not suggested, but we are left to conjecture on that subject. And here we may observe, that we are in no manner aided by the brief of counsel for the appellees. They take the position that the instructions have not been made a part of the record without

bill of exceptions, by following the course prescribed by the statute, and that there is no bill of exceptions in the record, signed by the judge, containing the instructions or the evidence. Hence they dismiss the subject without any discussion of the questions involved. But we find that the record contains a bill of exceptions, showing the evidence and the charges given and refused, properly signed by the judge.

We may say that we see no objection to the charge above set out.

The following was the seventh charge:

"You may find some difficulty, when you come to draw, by definition, the difference between a strictly sane and insane mind, and especially between a strictly sound or sane mind, and one that is to be regarded as partially insane or unsound. There is an inherent difficulty in the very nature of the question, and there will always be a material discrepancy in the opinion of the witnesses, whether medical experts testifying from particular theories adopted by them, or unprofessional witnesses, who may draw conclusions from their own personal experience with, and observation of, the testator. But, with the distinction and classification of theories, we have nothing to do, except so far as they may actually assist you in coming to a conclusion. What you want to determine is, as to the sufficiency or insufficiency of the testator's mental capacity when he made his will, regardless of particular phases of unsoundness of mind."

The objection made to this charge is, that it "discredits and withdraws from the jury all testimony as to classification of mental disease."

The charge, we think, is not open to the objection made. The jury were told that they had nothing to do with "distinction and classification," except so far as they might actually assist them in coming to a conclusion. The last part of the charge must be considered in connection with what precedes it; and, when taken alto-

gether, it seems to us, that the jury were left at liberty to consider the "distinction," "classification" and "particular phases of unsoundness of mind," so far as they might aid them in determining the question involved.

The tenth charge was as follows: ·

"Failure of memory is to be considered in connection with other circumstances tending to show mental derangement; but failure of memory alone is not sufficient incapacity, unless it goes to the extent of such a loss of memory as to deprive the testator of ability to call up to the mind the immediate members of his family and property. Memory is generally impaired by age, and also by disease, while the mind may remain entirely rational; and again, it is a known fact, that sometimes it is the case, that, while the mind becomes deranged and obscured beyond question, except that the memory remains intact, preserving a clear recollection of complicated matters."

The counsel for the appellants say of this charge, that it "holds the erroneous view, that the mind may be sound, and the memory impaired."

There can be no doubt that the mind may be sound, and yet that the memory may be impaired. The most of people probably, as age advances, suffer some loss of memory long before they have reached that degree of senility which would disqualify them from making a will. See 1 Redfield Wills, pp. 98, 99, sec. 13, par. 9, and note 11.

These are all the charges given, to which any specific objections are made; and we are of the opinion, that the objections thus made are not well founded.

We think, also, that the charges asked by the appellants, and refused, were substantially embraced in the charges which were given. The charges given by the court of its own motion, and those given at the request of the appellants, placed the law of the case very fairly before the jury, and were sufficiently full to embrace all the aspects of the case.

The evidence was such that we cannot disturb the verdict of the jury upon it.

The judgment below is affirmed, with costs.