*Stevens et al. v. Stevens et al.*

Filed April 4, 1891.

---

No. 14,625.

## STEVENS ET AL. v. STEVENS ET AL.

PRACTICE.—*Bill of Exceptions.*—*Long-Hand Manuscript.*—The record recited that ninety days were given in which to file a bill of exceptions, after the recital of a prayer for an appeal. Following this was an entry in the transcript that the following bill of exceptions was filed in the clerk's office, in the cause, to wit: "Exhibits A, B, C, D, E, F and G, the same being the evidence introduced upon the trial of the cause." Attached to the transcript, immediately after what purported to be the formal commencement of a bill of exceptions, reciting that the following evidence was introduced, was what appeared to be a portion of the evidence, marked "Exhibit A." With the record, in addition to "Exhibit A," were five disconnected volumes of evidence marked B, C, D, E and F, with a certificate of a stenographer at the close of "Exhibit F" that it is a *verbatim* report of evidence given in the cause, the title of the case being given, and the certificate being duly signed. None of the volumes purporting to contain the evidence were authenticated by the signature of the judge, or otherwise identified, except by the two file marks of the clerk of the circuit court. In that part of the transcript marked "Exhibit N," was a certificate, but unsigned, to the effect that the long-hand manuscript of the stenographer contained all the evidence given in the cause.

*Held,* that the evidence was not in the record.

SAME.—*Test.*—The long-hand manuscript of, the evidence found with the papers on an appeal must be so incorporated in and identified by a bill

of exceptions that if a dispute arises whether what purported to be the evidence is in fact it, the court can settle the dispute by the record alone.

SAME.—*Instructions.—Absence of Evidence.*—If the evidence is not in the record, the case will not be reversed on account of an instruction, if, upon any state of the evidence which might have been properly before the jury, the instruction would have been correct. It is sufficient if it is relevant to the issue.

WILL.—*Inquest of Insanity.—Effect.—Presumption.—Burden to Overcome.— Degree of Evidence.*—It is not error, in a will contest on the ground of the testator's unsoundness of mind, to charge the jury that an inquest finding the testator of unsound mind and placing him under guardianship, which is in force at the time the will is executed, "is *prima facie* evidence of insanity and incapacity on the part of the testator to execute the will in question," and that "it would, therefore, be incumbent on those who seek to establish such will to show by *clear, explicit* and *satisfactory* evidence that the testator had at the time he executed the will such mental capacity and freedom of will and action *as are re*quired to render a will legally valid." The italicized words do not render such instruction erroneous.

JURY.—*Misconduct.*—The decision of the trial court that the jury is not guilty of such misconduct as justifies the granting of a new trial will not, as a rule, be reversed by the Supreme Court.

SAME.—*Incompetency of Juror.—Waiver.*—By allowing a juror to serve after a disclosure in court of his incompetency, all objections to his competency on that account is waived.

COSTS.—*Taxation.—Discretion of Trial Court.*—In a will contest case the taxation of costs is very much within the discretion of the trial court, and it is not error to allow costs to the party recovering the judgment. Sections 2603, 2604, R. S. 1881.

From the Union Circuit Court.

*D. W. McKee, J. W. Connoway* and *T. D. Evans,* for appellants.

*R. Conner, H. L. Frost* and *L. H. Stanford,* for appellees.

MILLER, J.—The questions presented by counsel in their brief for our consideration relate exclusively to the action of the court in overruling the motion for a new trial and in overruling a motion to tax costs.

The assignment of errors calls in question some rulings

VOL. 127.—36

of the court upon demurrers to the pleadings, but no argument in support of their position has been submitted.

The motion for a new trial assigns as causes therefor the rulings of the court in admitting incompetent evidence, misconduct of the jury and of the prevailing party, the giving of erroneous instructions and refusal to give proper ones, and the correctness of the evidence to sustain the verdict of the jury.

The appellees contend that the evidence is not properly in the record.

We find following the rendition of the judgment and prayer of appeal to this court these entries:

"And said defendants are given 90 days in which to file and present their bill of exceptions, all of which is finally adjudged and decreed by the court."

"And be it further remembered that, on the 11th day of February, 1888, the following bill of exceptions was filed in the office of the clerk of the Union Circuit Court in said cause, to wit: Exhibits A, B, C, D, E, F and G, the same being the evidence introduced upon the trial of said cause."

We also find attached to a volume of what appears to be a portion of the evidence marked " Exhibit A," immediately after what purports to be the formal commencement of a bill of exceptions, this entry:

" Be it further remembered that at the trial of said cause the contestants and contestees introduced the evidence as hereinafter follows these words, and is as follows, to wit : "

There is also with the record, in addition to " Exhibit A," five disconnected volumes of evidence, marked " B," " C," " D," " E " and " F," with a certificate of the stenographer at the close of exhibit " F," as follows :

" I, Kate P. Johnson, stenographer in the case wherein this evidence was given in case 1533, of the Union Circuit Court, Spencer Stevens *et al. v.* Sampson R. Stevens *et al.*, do hereby certify that this is a long-hand transcript of the

short-hand report (*verbatim* report) of the evidence in the above entitled cause. This Feb. 11th, 1888.

"KATE P. JOHNSON, *Stenographer.*"

None of the volumes of what purports to be the evidence are authenticated by the signature of the judge, or otherwise identified except by two file-stamps of the clerk of the Union Circuit Court, one of the date of February 11th, 1888, and the other of July 7th, 1888.

The only other entry relating to the evidence is found in the transcript marked "Exhibit N," and is as follows:

"Be it further remembered, that the evidence as herein set out by the long-hand report from the short-hand taken by said stenographer was all the evidence given in said cause, and that said judgment on the verdict was rendered on the 18th day of November, A. D. 1887, and ninety days' time was given contestees to file bill of exceptions, and that now, this 14th day of February, 1888, comes the said contestees and present and file this, their bill of exceptions, which is signed and sealed, and made a part of the record herein.

"Witness my hand this 14th day of February, 1888.

"_____  _____."

The bill of exceptions, as it is set forth, is a mere skeleton, and we are left in ignorance of where it begins or ends, unless we are to infer that the entry last above set out is the conclusion of the bill, a portion of which precedes the evidence in "Exhibit A."

That the evidence was not properly incorporated in the bill of exceptions, so as to make the same a part of the record, has been settled by repeated decisions of this court. *Wagoner* v. *Wilson*, 108 Ind. 210 ; *Butler* v. *Roberts*, 118 Ind. 481 ; *Doyal* v. *Landes*, 119 Ind. 479; *Fiscus* v. *Turner*, 125 Ind. 46 ; *Patterson* v. *Churchman*, 122 Ind. 379 ; *Ohio, etc., R. W. Co.* v. *Voight*, 122 Ind. 288.

In the latter cause one of the tests for the determination of this question was laid down as follows : "If a dispute were to arise in this cause as to whether what purports to be the

long-hand manuscript of the evidence, found with the papers, is the manuscript referred to in the bill of exceptions, we would not be able to settle that dispute by the record before us."

What we have said of the condition of this record shows that, tested by this rule, the bill of exceptions is wholly insufficient to bring the evidence into the record.

Without the bill of exceptions no question can be presented on the rulings of the court in the admission or exclusion of evidence. *Mercer* v. *Corbin,* 117 Ind. 450.

Objection is made to some of the instructions given to the jury.

The instructions given to the jury are quite voluminous, and can not well be set out in this opinion. No attempt was made to reserve the questions of law, as provided by section 630 of our code of practice, and we have found that the evidence was not incorporated in the bill of exceptions. We are, therefore, to examine the instructions under the rule stated in the recent case of *Elkhart, etc., Ass'n* v. *Houghton,* 103 Ind. 286, as follows :

" It is well settled, also, that where the evidence is not in the record, the judgment will not be reversed on account of an instruction, if, upon any state of the evidence which might properly have been before the jury, the instruction would have been correct. In such a case, it will be presumed that the instruction was applicable to the evidence." See, also, *Weir Plow Co.* v. *Walmsley,* 110 Ind. 242, and cases cited.

In *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460, it is said : " We can not say that the instructions were not proper under a state of facts relevant and material under the pleadings ; and we can not, in the absence of the evidence, examine them for any other purpose. It has long been the rule in this State, that if the evidence is not in the record the court will not reverse, if, upon any supposable state of

facts relevant to the issue, the rulings of the court were right."

In *Kernodle* v. *Gibson*, 114 Ind. 451, it is said : "All the presumptions are in favor of the correctness of the rulings of the trial court, and these presumptions will be indulged here until they are affirmatively overcome or excluded by the record ; for until then such rulings, even though erroneous, will not be available for the reversal of the judgment."

The same language, substantially, was used in the subsequent case of *McClure* v. *State*, 116 Ind. 169.

It is proper, also, to take into consideration another rule that has been well established by the decisions of this court, and, indeed, is commanded by legislative enactment, that " when it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below," the judgment shall not be reversed in this court.

In *State, ex rel.*, v. *Caldwell*, 115 Ind. 6, and *State ex rel.*, v. *Ruhlman*, 111 Ind. 17, it has been held that where, from the entire evidence, as it appears in the record, it appears that a right conclusion was arrived at by the jury, their verdict will not be disturbed on appeal for or on account of error in any of the instructions given by the court. Thornton Juries, section 204, and cases cited.

It might well be claimed, in the absence of the evidence, that the presumption should be entertained in this court in favor of the action of the trial court, that the jury rendered a true verdict upon the merits of the cause, and that the evidence, if in the record, would show that a correct result had been arrived at, even to the extent of holding, if necessary, that where the instructions given are erroneous under every conceivable state of the evidence, it should be presumed that they were mere abstract propositions of law, having no relation to the case, and causing no injury to the unsuccessful party.

It is, however, not necessary in this case that we should

hold, and we do not hold, that there may not be cases where an erroneous instruction, even in the absence of the evidence, would not require us to reverse the judgment.

We have carefully examined the instructions given, and find that those complained of, with the exception of the eighteenth, are in substance the same instructions given in *Cline* v. *Lindsey*, 110 Ind. 337. We can not commend some of the charges, when taken separately, as precedents, but when examined in connection with those given at the request of the appellants we think the errors are not sufficient to call for a reversal of the cause.

The eighteenth instruction presents for our consideration a question that has, so far as we are advised, never been passed upon by this court. It is as follows:

"18. If you find from the evidence that William Stevens, the testator, prior to the execution of the will in question, had been duly adjudged by the Union Circuit Court of Indiana, to be a person of unsound mind, and by virtue of such adjudication placed under guardianship, and that such judgment and letters of guardianship were not annulled, but remained in force at the time of the execution of the will in question, such judgment is *prima facie* evidence of insanity, and incapacity, on the part of said William Stevens, to execute the will in question, and it would, therefore, be incumbent on those who seek to establish said will to show by *clear, explicit,* and *satisfactory* evidence, that the said William Stevens had, at the time he executed said will, such mental capacity and freedom of will and action as are required to render a will legally valid."

The appellants contend that the statement, that the evidence should be " *clear, explicit,* and *satisfactory* " evidence, was an invasion of the province of the jury to weigh the evidence for themselves. And, on the other hand, the appellees contend that the adjudication fixed the status of the testator as that of a person of unsound mind, and rendered any testamentary disposition of his estate void.

The only allusion to this question in our reports was by
WOODS, C. J., in *Redden* v. *Baker*, 86 Ind. 191, as follows:
" In respect to a lunatic's capacity to make a will, a distinc-
tion is recognized in some cases, in which it has been held
that the inquisition is not conclusive evidence of incapacity
in that particular."

It was not necessary, in that case, for the court to pass
upon the question, nor is it necessary for us to pass upon it
in this case, except in so far as it is involved in discussing
the sufficiency of the instruction, there being no cross-as-
signment of error to bring it before us for decision.

In *Stone* v. *Damon*, 12 Mass. 504, the court held that a
prior inquisition of lunacy was not conclusive of the ca-
pacity to make a will, but that the decree was evidence of
his insanity, and, like any other evidence of that fact, would
throw the burden of proof on the proponent of the will to
show that the testator had at the time of the execution of
the will recovered his reason.

In *Breed* v. *Pratt*, 18 Pick. 115, the doctrine of *Stone* v.
*Damon, supra,* was affirmed, and it was held by SHAW, C. J.,
that " It is *prima facie* evidence of insanity, and incapacity
to make a will, and therefore it is incumbent on those who
would establish the will, to show, beyond reasonable doubt,
that the testator had both such mental capacity, and such
freedom of will and action, as are requisite to render a will
legally valid." While not strictly in point we cite, as bearing
upon the general question, *Garnett* v. *Garnett*, 114 Mass. 379 ;.
*Estate of Johnson*, 57 Cal. 529 ; *Lewis* v. *Jones*, 50 Barb. 645 ;
4 Law Quarterly Review, 442 ; *Southern, etc.,* v. *Lauden-
bach*, 5 N. Y. Supp. 901.

The only authority cited, and the only one we have been
able to find, holding a contrary doctrine is *Rice* v. *Rice*, 50
Mich. 448, and that case is not strictly in point here, for it
appears that the only question properly determined by the
inquest was, that the testator was " mentally incompetent to
have the charge and management of his property."

In *Wallace* v. *Mattice,* 118 Ind. 59, this court sustained an instruction in which the court told the jury, in a case where fraud was charged, that " Fraud is never presumed, but the burden rests upon one charging fraud to make it out by *clear* and *convincing* evidence." We regard this case as decisive of the question under discussion. The terms *clear* and *convincing,* when applied to evidence, being quite as strong as *clear, explicit* and *satisfactory.*

One of the causes in the motion for a new trial was for misconduct of one of the jurors. We find from the record that this was submitted to the court upon affidavits and determined against the appellant. We can not, under the settled rule, disturb this finding. *Dill* v. *Lawrence,* 109 Ind. 564, and cases cited.

It is also charged that Elmer Grove, one of the jurors, had served on the jury in the suit in which the testator was found to be of unsound mind, and placed under guardianship. It appears from the affidavits on file that the juror, prior to his acceptance as such, stated in open court that he had both formed and expressed an opinion, and had served as a juror in the former suit. By allowing him to serve after this disclosure all objections to his competency on this account were waived.

The taxation of the costs of the suit is left very much within the discretion of the trial court (sections 2603, 2604, R. S. 1881), and we see no reason to disturb his ruling, that the party recovering judgment should recover costs.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed March 19, 1891.