Harrison *et al. v.* Bishop *et al.*

Filed April 8, 1892.

---

No. 16,382.

131 161
144 493
145 101
145 658
146 399

## HARRISON ET AL. *v.* BISHOP ET AL.

WILL.—*Making of by Person under Guardianship.*—The adjudication of mental unsoundness in proceedings for the appointment of a guardian for a person, while it conclusively establishes the fact of his inability to manage his estate, does not necessarily establish the existence of such unsoundness as would incapacitate him from making a valid will.

SAME.—*Appointment of Guardian for Person.*—*Evidence of Mental Unsoundness.*—*Burden of Proof.*—It is, however, *prima facie* evidence of such want of mental power, and when the validity of a will is properly in question, if it is shown to have been executed by one under guardianship, the burden is upon those who seek to uphold it to show by clear, explicit and satisfactory evidence that at the time it was executed the maker had the requisite degree of mental capacity.

From the Marion Circuit Court.

*R. N. Lamb* and *R. Hill*, for appellants.

*J. S. Duncan* and *C. W. Smith*, for appellees.

McBRIDE, J.—Counsel agree that the only question involved in this case is, "Whether a person who has been adjudged to be a person of unsound mind, at any time, and

for whom a guardian has been appointed, and as to whom such adjudication of mental unsoundness has never been set aside in the manner provided by statute, can, while such adjudication and guardianship exist, make a valid will devising real estate."

In view of this agreement a very brief statement of the facts will suffice.

In the year 1868, Thomas Harrison was, by the common pleas court of Marion county, duly adjudged of unsound mind and incapable of managing his estate. Thereupon the court appointed a guardian of his person and estate who duly qualified and entered upon the discharge of the duties of his trust. Harrison was never thereafter in any proceeding had adjudged to have regained soundness of mind, and continued under guardianship up to the time of his death. March 21st, 1888. While thus under guardianship, he executed a paper purporting to be his last will and testament. He died in Marion county March 17th, 1890, and the will was offered for and admitted to probate in the office of the clerk of the Marion Circuit Court, and an administrator, with will annexed, was appointed, who duly qualified as such and is engaged in discharging the duties of his trust. If the will is valid its effect is to devise certain real estate in Marion county.

The question thus presented was considered and, at least, inferentially decided in the case of *Stevens* v. *Stevens*, 127 Ind. 560. We see no reason to change our opinion as indicated in that case. However, the question as now presented to us requires an express adjudication of the question, and it is, therefore, proper, and perhaps necessary that we briefly review the ground.

Section 2556, R. S. 1881, provides that "All persons, except infants and persons of unsound mind, may devise, by last will and testament, any interest, descendible to their heirs, which they may have in any land," etc.

Section 2544, R. S. 1881, provides that " The words ' per-

sons of unsound mind,' as used in this act, or any other statute of this State, shall be taken to mean any idiot, *non compos,* lunatic, monomaniac, or distracted person."

Section 2545, R. S. 1881, and the several sections immediately following, provide for the appointment of a guardian for a person who is of "unsound mind and incapable of managing his own estate."

The guardian thus appointed has the custody both of the person and of the estate of his ward.

The guardianship terminates with the restoration to reason or the death of the ward. Section 2552, R. S. 1881.

Provision is made for trying the question of restoration to reason of such person. Section 2553, R. S. 1881.

Section 2554, R. S. 1881, provides that "Every contract, sale, or conveyance of any person while of unsound mind shall be void."

The contention of the appellee is substantially as follows: That after one has been adjudged of unsound mind, and incapable of managing his estate and placed under guardianship, there is an absolute incapacity on his part to contract, or in any other manner to transact any business relating to the management of his estate; that the adjudication in such case is conclusive as to his entire want of capacity in that respect; that his status is thereby not only definitely fixed, but that it thereafter continues unchanged during the existence of the guardianship; that although he may, in fact, recover his reason, until that fact has been formally and judicially determined, his entire disability continues; that a person of unsound mind can not make a valid will, and that a will is a form of conveyance, and, therefore, embraced within the terms of section 2554, *supra,* and void also for that reason.

Assuming that the appellee is entirely right, in so far as relates to the disability of one of unsound mind, under guardianship, to transact any business whatever relating to the management of his estate, does it necessarily follow that he may not have both the power and the requisite capacity

to make a valid testamentary disposition of it? Does the adjudication as to his capacity to manage his estate necessarily involve an adjudication that he has not the capacity to dispose of it by will?

The right to make testamentary disposition of property, while, perhaps, uniformly regulated by statute, is by no means created by statute, but is a right common to civilized people in all ages. Our statute, therefore, while regulating the manner of exercising that right can not be said to confer it. No statute in this State, in terms, deprives those of unsound mind of the right to make a will. Nevertheless, a person of unsound mind can not make a valid will. The disability, while not directly declared, is a legitimate and necessary inference from the language of the statute, which declares that all persons, except infants and persons of unsound mind, may make wills. The intention of the Legislature to deny that right to those of unsound mind is plain. The disability thus inferentially declared does not depend upon or arise out of an *adjudication* of mental unsoundness, but rests upon the *fact* of mental unsoundness regardless of any adjudication whatever upon the subject. One, in fact, of unsound mind can not make a valid will whether he has ever been so adjudged or not.

The law, however, recognizes degrees of mental unsoundness. Not every degree of mental unsoundness is sufficient to destroy testamentary capacity. *Lowder* v. *Lowder*, 58 Ind. 538; *Burkhart* v. *Gladish*, 123 Ind. 337.

What degree of mental capacity will suffice to empower one to make a valid will has been frequently considered by the courts. In *Lowder* v. *Lowder*, *supra*, this court approved an instruction to a jury in the following terms: "In legal contemplation, one who has sufficient mind to know and understand the business in which he is engaged, who has sufficient mental capacity to enable him to know and understand the extent of his estate, the persons who would naturally be supposed to be the objects of his bounty,

Harrison *et al. v.* Bishop *et al.*

and who could keep these in his mind long enough to, and could, form a rational judgment in relation to them, is a person of sound mind." This is quoted with approval in *Burkhart* v. *Gladish, supra,* and also in *Durham* v. *Smith,* 120 Ind. 463, where the court said: "It is evident that a person might be possessed of the requisite capacity to make a will, as held in *Lowder* v. *Lowder, supra,* and yet have some defect of the mind," etc. Many other authorities might be cited to the same effect. It is too plain for controversy that one might possess mental capacity quite up to or beyond the standard thus established, and yet fall far short of that necessary to enable him to transact business or manage his estate.

In our opinion, therefore, one's mental powers may be so far impaired as to incapacitate him for the active conduct of his estate, justifying the appointment of a guardian for that purpose, and yet he may have such capacity as will enable him to direct a just and fair disposition of his property by will.

The adjudication of mental unsoundness in proceedings for the appointment of a guardian for a person, while it conclusively establishes the fact of his inability to manage his estate, does not necessarily establish the existence of such unsoundness as would incapacitate him from making a valid will.

It is, however, *prima facie* evidence of such want of mental power, and when the validity of a will is properly in question, if it is shown to have been executed by one under guardianship, the burden is upon those who seek to uphold it to show by clear, explicit and satisfactory evidence that at the time it was executed the maker had the requisite degree of mental capacity. *Stevens* v. *Stevens, supra,* and cases there cited. See, also, *Will of Slinger,* 72 Wis. 22; *Wadsworth* v. *Sharpsteene,* 8 N. Y. 388; *Leonard* v. *Leonard,* 14 Pick. 280 (284); *In re Pendleton's Will,* 5 N. Y. Sup. 849.

The circuit court having reached a contrary conclusion erred and its judgment is reversed, at the costs of the appellees.

