Merriman *v.* Merriman.

MERRIMAN ET AL. *v.* MERRIMAN, BY NEXT FRIEND.

[No. 18,642.    Filed December 19, 1899.]

INSTRUCTIONS.—*Wills.*—*Testamentary Capacity.*—*Burden of Proof.*— An instruction in the trial of an action to contest a will that if decedent, prior to the date of the will, was of unsound mind, of apparent permanency, the burden would fall upon defendants to prove by the preponderance of the evidence that at the time the alleged will was made the decedent possessed sufficient mental capacity to make a will, or had a lucid interval, is erroneous. *p. 632.*

SAME.—*Wills.*—*Harmless Error.*—Where in the trial of an action to contest a will the jury returned a general verdict for plaintiff, and answered certain interrogatories to the effect that the decedent lacked testamentary capacity, an erroneous instruction on the question of mental capacity constitutes reversible error on appeal. *p. 632.*

APPEAL AND ERROR.—*Harmless Error.*—The burden is upon appellee to prove by the record that an error pointed out by appellant is harmless. *p. 632.*

From the Whitley Circuit Court. *Reversed.*

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellants.

*J. H. Aiken, B. F. Gates* and *Henry Colerick,* for appellee.

BAKER, J.—Appellee, a minor, by her next friend, began this action to contest the will of James S. Merriman, deceased. The defendants (appellants) are Lulu J. Merriman, the widow, and Martha, decedent's minor daughter by Lulu J. Merriman, and John F. Mossman, administrator with the will annexed. Appellee is a daughter of decedent by a former wife. The contest was based on two grounds: 1, that the testator was of unsound mind; 2, that the will was procured by undue influence. Appellants answered by a general denial. The jury returned a general verdict in favor of appellee, and answered certain interrogatories to the effect that the decedent lacked testamentary capacity. No interrogatories on the issue of undue influence were submitted. The error assigned is the overruling of appellants' joint and several motion for a new trial.

The court charged the jury in several instructions that, if the decedent prior to the date of the alleged will was of unsound mind, of apparent permanency, the burden would fall on the defendants to prove by a preponderance of the evidence that at the time the alleged will was made the decedent possessed sufficient mental capacity to make a will or had a lucid interval. These instructions were erroneous. *Roller* v. *Kling*, 150 Ind. 159; *Young* v. *Miller*, 145 Ind. 652; *Teegarden* v. *Lewis*, 145 Ind. 98.

Appellee insists that the error is harmless, because it enters into the issue of mental capacity only and the judgment is supported by the jury's finding on the issue of undue influence. The verdict is for the appellee, without disclosing whether the jury based it on one or both issues. If the general verdict stood alone, the judgment would have to be reversed, because the record would not affirmatively show that the error was harmless. Here, the interrogatories make it clear that the jury found for appellee upon the issue of mental capacity. If the jury believed that the evidence sustained that issue, it was their duty to return a general verdict for appellee no less than if they found both issues established. Therefore, although the issue of undue influence was properly submitted to the jury and may actually have been decided in favor of appellee, the record does not affirmatively prove that the issue was included in the general verdict. If there had been a special verdict covering both issues, or if interrogatories had disclosed that the issue of undue influence had been found in appellee's favor, this case might be ruled by the decision in *Putt* v. *Putt*, 149 Ind. 30.

Appellant has pointed out an error entering into the verdict. The jury may have found want of testamentary capacity solely by reason of the erroneous charge. It was incumbent on appellee to prove by the record that the error was harmless. Because the record does not show this, the judgment is reversed, with directions to grant appellants a new trial.