BRANSTRATOR, ADMINISTRATOR, ET AL.
v. CROW ET AL.

[No. 19,953.  Filed January 26, 1904.  Rehearing denied March
18, 1904.]

WILLS.—*Forfeiture in Case of Contest by Beneficiary.—Answer.*—Where the
plaintiffs claimed no rights under a will they were asking to be set
aside, an answer setting up a forfeiture of plaintiffs' rights under the
will by virtue of a provision therein for a forfeiture in case of contest
by a beneficiary is not responsive to the complaint, and is insufficient
on demurrer.  *pp. 363, 364.*

SAME.— *Unsoundness of Mind of Testator.—Presumption.—Burden of Proof.—
Instruction.*—In an action to contest a will for mental unsoundness of
the testator, an instruction that if it had been established that the tes-
tator was "of unsound mind at any particular time, the presumption
would be that he continued to be of unsound mind, unless the evidence
further establishes to your satisfaction the fact that his mind afterwards
became sound," is erroneous, first because it is only when the mental
unsoundness is of a character to appear permanent, and to forbid the
reasonable expectation of recovery, that a presumption of continuance
will be indulged in ; second, because it would require the defendant to
negative plaintiff's *prima facie* case by a preponderance of the evidence.
*pp. 364, 365.*

From Allen Circuit Court; *E. O'Rourke*, Judge.

Action by Frances E. Crow and others against Charles
W. Branstrator, administrator of the estate of William
Branstrator, deceased, and others.  From a judgment for
plaintiffs, defendants appeal.  *Reversed.*

*Wilmer Leonard, Elmer Leonard, Henry Colerick, W. G.
Colerick, Guy Colerick, K. C. Larwill, N. W. Gilbert, H. C.
Berghoff, S. A. Wood* and *Robert Lowry*, for appellants.

*W. P. Breen, John Morris, Jr., S. L. Morris* and *J. M.
Barrett*, for appellees.

HADLEY, J.—Appellees, being two sons and two daugh-
ters, brought this action to contest the will of their father
William Branstrator, deceased, on the grounds of unsound-
ness of mind, undue influence, and fraud.  The admin-
istrator with the will annexed, the widow, four chil-
dren, and divers grandchildren were made defendants.  All

the answering defendants rested on the general denial, except Ann C. Wellbaum and William McNair; and, in addition to the general denial, they filed an affirmative second paragraph, setting forth therein as an answer in bar that by the twelfth item of his will the testator expressly provided that each bequest made by said will was made upon the condition that the beneficiary should be content with his devise or legacy, and should not bring any suit in any court to set said will aside, or in any way hinder or delay its execution, or in any way prevent the distribution of the testator's property under and in accordance with the provisions thereof; and upon a violation of said condition the bequest of the offending devisee or legatee should thereby be forfeited to the estate, to be applied in the payment of debts, etc.; that the plaintiffs are devisees and legatees under said will, and by virtue of this suit to contest the validity of said testament the plaintiffs thereby cease to have any interest in the subject-matter, by reason whereof they are not entitled to maintain this action.    To this answer a demurrer for insufficiency of facts was sustained. There was a trial by jury, and a verdict and judgment for the contestants.    Motions by the contestees to modify the judgment, for a *venire de novo,* and for a new trial were severally overruled.

The first assignment of error calls in question the action of the court on the demurrer to the second paragraph of answer.    The ruling was clearly right.    The answer was not responsive to the complaint.    The complaint tendered a single issue, namely, the validity of the instrument purporting to be the will of William Branstrator.    The plaintiffs claim no rights under the will, and an answer setting up a forfeiture of rights not claimed is no answer at all.

The court instructed the jury as follows: "The law presumes that every person is of sound mind until the contrary is proved.    But when it has been established that a person is of unsound mind the presumption is that that

state of unsoundness continues until the contrary is shown. If the evidence in this case establishes to your satisfaction that the testator William Branstrator was of unsound mind at any particular time, then the presumption would be that he continued to be of unsound mind, unless the evidence further establishes to your satisfaction the fact that his mind afterwards became sound." There are two vices in this instruction: 1. The statement that, when unsoundness is established, the presumption is that that condition continues until the contrary is shown, is erroneous. The language is too broad, because comprehensive enough to embrace every type of mental unsoundness. It is only when the unsoundness is of a character to appear permanent, and to forbid the reasonable expectation of recovery, that a presumption of continuance will be indulged. No presumption of any kind will arise from intermittent, temporary unsoundness, such as may result from sickness, injury, intoxication, or other transitory cause. *Blough* v. *Parry*, 144 Ind. 463, 492; *Raymond* v. *Wathen*, 142 Ind. 367. It is said in this last case, page 370, that "the rule, however, does not apply to occasional, or intermittent insanity, but it does in all cases of whatever nature, wherever the insanity is apparently confirmed."

2. It was incorrect to charge the jury that, if the testator was shown to be of unsound mind at any particular time, the presumption would be that he continued of unsound mind, "unless the evidence further establishes to your satisfaction the fact that his mind afterwards became sound." On all contested matters of fact it is the weight—the preponderance—of the evidence that satisfies the mind as to what the fact truly is. Hence the quoted language of the court is equivalent to directing the jury that if the mind of the testator has been shown to be unsound at any time prior to the execution of the will, such condition will be presumed to have continued, unless it has been established by a preponderance of the evidence that his mind

afterwards became sound. It will be observed that the charge is that the presumption shall prevail until contrary evidence not only overcomes the presumption, but satisfactorily establishes the soundness of the testator's mind. This was exacting more of the defendants than the law requires. The plaintiffs had undertaken to establish the testamentary incapacity of the testator at the time he executed the contested will. This they could do only by maintaining incapacity by a preponderance of the whole evidence. Nothing short of a preponderance would avail them anything. If it turned out that the evidence was equally balanced, the plaintiffs should have failed. So when the plaintiffs established unsoundness, and set the presumption of incapacity going, that only served to create a *prima facie* case, which would entitle them to a verdict if the defendants introduced no evidence sufficient to overcome it. But if the defendants, by their evidence, overthrew the presumption it was not necessary for them to go further to defeat the plaintiffs. All that was important for the defendants to do was to prevent the plaintiffs from delivering a preponderance of the evidence. *Young* v. *Miller,* 145 Ind. 652, 656; *Roller* v. *Kling,* 150 Ind. 159; *Merriman* v. *Merriman,* 153 Ind. 631; *Morell* v. *Morell,* 157 Ind. 179.

The evidence discloses that the testator for many years became occasionally intoxicated, and when in that condition his speech and conduct were often irrational; and the real controversy at the trial seems to have been whether the unnatural and unreasonable things he said and did were the result of transient intoxication or the offspring of mental perversion. Whether the jury was or was not misled to the injury of the appellants is beyond our power to determine, and we must therefore hold that the giving of the instruction constitutes reversible error.

There are a large number of questions presented, which have been ably and elaborately argued, but since they

almost entirely arise under the motion for a new trial, and are not likely to come up again on a retrial of the cause, we have not considered them.

Judgment reversed, with instructions to grant appellants a new trial.