## PEPPER ET AL. v. MARTIN ET AL.

[No. 21,462.    Filed November 2, 1910.    Rehearing denied May 18, 1911.]

1. WILLS.—Contest after Probate.—Insanity.—Burden of Proof.—Instructions.—In an action to contest a will, after probate thereof, the evidence showing that at the time of the execution of the will the testator was under guardianship as a person of unsound mind, an instruction that the existing adjudication of unsoundness of mind constituted prima facie evidence of unsoundness of mind, and that the jury should consider all the evidence in connection with such presumption, and if a fair preponderance of the evidence showed that testator in fact had a sound and disposing mind, at the time of executing the will, and that he executed it freely and understandingly, without undue influence, the verdict should be for defendants, otherwise, for plaintiff, is erroneous, the burden of proof being upon the plaintiffs to establish the unsoundness of testator's mind notwithstanding such prima facie presumption. Stevens v. Stevens, 127 Ind. 560, and Harrison v. Bishop, 131 Ind. 161, distinguished.    p. 581.

2. WILLS.—Contest.—Burden of Proof.—Conflicting Instructions.—Where the court in one instruction in a will contest incorrectly states the law as to the burden of proof, and in another, correctly states the law thereon, the error is not cured, such error being cured only by withdrawing the erroneous instruction.    p. 584.

From Wayne Circuit Court; Henry C. Fox, Judge.

Action by Ida M. Martin and others against Mary Pepper and others. From a judgment for plaintiffs, defendants appeal. Reversed.

*D. W. McKee, Reuben Conner, Henry U. Johnson* and *Hyatt L. Frost,* for appellants.

*Forkner & Forkner, Thomas J. Study* and *R. N. Elliott,* for appellees.

Monks, C. J.—This action was brought by appellees to contest the will of George Frybarger, deceased, after it had been duly probated, on the alleged grounds that the testator was of unsound mind when the will was executed, and that the will was procured by undue influence. The case was tried by a jury, and a general verdict was returned for appellees. Over a motion for a new trial judgment was rendered, setting aside the will. The errors assigned call in question the action of the court in overruling the motion for a new trial.

It appears from the record that the will in controversy was executed by the testator on July 10, 1905, and that before that time, to wit, in 1866, he had been, in a proper proceeding, adjudged to be a person of unsound mind and incapable of managing his estate, and thereupon a guardian was appointed to take charge thereof; that said guardian duly qualified and assumed the duties of his trust; and that said adjudication and guardianship continued in full force up to the death of the testaator.

The court charged the jury by instruction sixteen that while the adjudication in said cause was *prima facie* evidence of unsoundness of mind, it did not conclusively establish the existence of such unsoundness of mind as would incapacitate him from making a valid will. The court, as a part of said instruction, informed the jury that "in the trial of this case, much evidence has been introduced by both plaintiffs and defendants, other than said adjudication and letters of guardianship, for the purpose of showing what was the mental condition of said George Frybarger at the time he executed his will. The court therefore instructs you that in your deliberations, for the pur-

pose of finding a verdict, it will be your duty to consider all the evidence that has been given in the case in connection with the presumption created by said adjudication and letters of guardianship, and determine what, in your judgment, is proved by a fair preponderance thereof, if any such there be.  If you, in your judgment, find by a fair preponderance of the evidence that George Frybarger, at the time he executed the will in question, had, as a fact, a sound and disposing mind, when tested by the rules set forth in these instructions, and that he executed such will understandingly, and did what he intended to do, free from any undue influence, then you would be justified in upholding the will and in returning a verdict for the defendants; otherwise, you would be warranted in finding a verdict for the plaintiffs."

This instruction was erroneous, so far as it informed the jury that it should find for appellees, unless appellants proved by a fair preponderance of the evidence that said testator was of sound and disposing mind, and free from any undue influence.  Appellees, by bringing this action to set aside the will and the probate thereof, assumed the burden of showing by a preponderance of the evidence that the testator, at the time he executed the will, did not have testamentary capacity, or that said will was the result of undue influence.  *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 156, 15 L. R. A. (N. S.) 673, and cases cited; *Roller* v. *Kling* (1898), 150 Ind. 159, 163.

It is true the adjudication that said Frybarger was a person of unsound mind and incapable of managing his own estate, which was in full force when said will was executed, was *prima facie* evidence that he was of unsound mind at that time (*Harrison* v. *Bishop* [1892], 131 Ind. 161, 165, 31 Am. St. 422); but it is also true that the party not having the burden of proof as to such unsoundness of mind is not required to prove the contrary by a preponderance of the evidence, but it is sufficient if the evidence on this question

is evenly balanced, so that there is no preponderance either way. In such case, the party having the burden of proof cannot recover. Said instruction was clearly erroneous, so far as it required appellants, under the conditions stated, to prove by a preponderance of the evidence that the testator was of sound mind, and free from undue influence when the will was executed. *Roller* v. *Kling, supra; Merriman* v. *Merriman* (1899), 153 Ind. 631, 632, and cases cited; *Young* v. *Miller* (1896), 145 Ind. 652; *Teegarden* v. *Lewis* (1896), 145 Ind. 98; *Branstrator* v. *Crow* (1904), 162 Ind. 362, 364, 365.

As was said in the case of *Young* v. *Miller, supra*, at page 656: "The obligations of the parties were not different from those in the ordinary case where facts are affirmed upon one side and denied upon the other. A *prima facie* case, made by the plaintiff, must always stand unless its force is broken by the defendant's evidence; but the defendant is never required, under the general denial, to negative the truth of the plaintiff's *prima facie* case by a preponderance of the evidence. If, upon the whole evidence, the plaintiff does not have a preponderance, the defendant must recover. If the scales are equally balanced the plaintiff must fail. It is perfectly clear, therefore, that to break the force of a *prima facie* case it is not necessary that the contrary shall be established by a preponderance of the evidence, but that it is sufficient if, from the evidence *pro* and *con*, the plaintiff cannot be said to have a preponderance upon his side of the issue." See, also, *Carver* v. *Carver* (1884), 97 Ind. 497, 509–514.

Appellees cite the cases of *Stevens* v. *Stevens* (1891), 127 Ind. 560, and *Harrison* v. *Bishop, supra*, to sustain their contention that said instruction sixteen is correct.

The case of *Stevens* v. *Stevens, supra*, does not sustain said contention, for the reason that the record in that case shows that it was a proceeding to contest a will before probate. In such a case the burden is upon those who seek to

probate the will to prove, by a fair preponderance of the evidence, testamentary capacity on the part of the testator, while in a case to contest a will after probate—as in this case—the burden of establishing its invalidity rests upon the plaintiffs or contestants. *Steinkuehler* v. *Wempner*, *supra*, and cases cited.

What was said in the case of *Harrison* v. *Bishop, supra,* to the effect that the burden of proof is upon those who seek to uphold the will of a person under guardianship on account of being of unsound mind and incapable of managing his own estate, may be correct, as applied to a case like that of *Stevens* v. *Stevens, supra,* where it was sought to contest a will before probate, but is incorrect in a case to contest a will·after probate, as in this case.

It is true that the court in its second instruction correctly informed the jury that the burden of proving the unsoundness of mind and undue influence alleged in the complaint was upon the plaintiffs, but such instruction did not cure said error. This could only be done by plainly withdrawing the erroneous instruction from the jury, which was not done in this case. Moreover, said instructions two and sixteen were inconsistent, and calculated to mislead the jury, or leave it in doubt as to the law. *Roller* v. *Kling, supra; Wenning* v. *Teeple* (1896), 144 Ind. 189, 194, 195, and cases cited.

Other questions are argued, but as they may not arise on a retrial of the cause they are not considered.

Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings not inconsistent with this opinion.