SMITH ET AL. *v.* FARR ET AL.

[No. 12,742. Filed June 17, 1927. Rehearing denied October 26, 1927. Transfer denied November 16, 1928.]

238

*George G. Wharton, Oren Dickey* and *Condo & Batton,* for appellants.

*Emshwiller & Emshwiller* and *John R. Browne,* for appellee.

NICHOLS, J.—This is an action brought by appellees, three of the four children of Henry Smith, deceased, against appellant George Smith, the other child of said Henry Smith, deceased, and Van Buren State Bank, administrator with the will annexed of the estate of Henry Smith, deceased, in one paragraph of complaint to set aside the last will and testament of said Henry Smith, deceased. Appellants each separately filed an answer in general denial.

The cause was submitted to a jury for trial upon the one paragraph of complaint and the general denials, the jury finding for appellees, setting aside the probate of said will and declaring the same to be invalid, null and void, and that the same, with the probate thereof, should be set aside. The jury also returned with its general verdict answers to interrogatories which were submitted to the jury by the court, which interrogatories and the answers thereto transformed to narrative form and classified are, in substance, as follows: That John T. Strange, an attorney, on April 4, 1922, with his stenographer, Anna Dritzler, went to the residence of Henry Smith; that on said date said testator signed his will in the presence of said attorney and Anna Dritzler, and that said attorney and said Anna Dritzler signed and witnessed the same in the presence of said testator; that said testator on said date did not have mind and memory enough to know the deserts of his children; that on said date he did not know the value of his property; that said testator on said date did not have mind and memory

enough to know who his wife and children were; that on said date he did not know and understand the business he was engaged in when said will was prepared and executed; that the will in controversy did not give and dispose of testator's property to the persons named in said will in accordance with his wish and desire; that such will was not the free act and deed of the testator; that said testator on said day did not know what property he owned, and to whom he wanted to give it; that said testator did not execute the will in question in accordance with his own wish and judgment; that said will was duly probated in the Grant Circuit Court. And that there was no evidence nor supporting evidence as to the age of Henry Smith, April 4, 1922; nor that, prior to April 4, 1922, Henry Smith requested someone to have attorney John T. Strange come to his residence for the purpose of making a will; nor that said attorney was on said day any relation to said testator nor that he had any interest in him other than as his attorney; nor that said testator advised said attorney as to how he desired to will his property; nor that on said date said attorney prepared said will as directed by said testator; nor that, after said will was prepared, it was read over to said testator; nor that said testator told said attorney to whom he desired his property to go; nor that on said date the testator desired and intended his property to belong to his wife during her lifetime with the right to use all of the personal property as necessary and at her death to be divided among his children as set forth in the will.

Thereupon, appellants filed a joint and several motion before the discharge of the jury requesting the court to resubmit to the jury the interrogatories for more definite answers thereto, which motion the court overruled. Appellants each filed separate motions for judgment on the answers of the jury to the interrogatories and also separate motions for a new trial of said cause, each of

which said motions was overruled by the court, and judgment was rendered on the verdict, from which this appeal, the errors assigned relating to the court's action in overruling the separate and several motions of appellants for a new trial, in overruling the separate and several motions of appellants to require the jury to return to its juryroom and answer more definitely, specifically, separately and severally, each of the interrogatories propounded to it, and in overruling the separate and several motions of appellants to render judgment upon the answers of the jury to the interrogatories in their favor.

Appellants, in their points and authorities, have predicated error upon the court's action in sustaining appellees' respective objections to certain questions propounded by appellants to witnesses, and in overruling appellants' respective objections to certain questions propounded by appellees to witnesses. But we do not find these questions and their answers, or offers to prove, or the objections made by appellants thereto, together with the reasons for such objections, anywhere in appellants' statement of the record. Not being advised as to appellants' reasons for the objections made at the time, or as to appellants' offer to prove, we are unable to say as to whether there was error in the court's respective rulings. We may say, however, that, from what appears in appellants' points and authorities, the court committed no error in its respective rulings as to the admissibility of evidence.

Appellants complain of the court's instruction No. 2 which informed the jury that so much of the original complaint as charged that the pretended will was executed through undue influence had been withdrawn and was then withdrawn from the jury's consideration, contending that the record wholly failed

to show that the part of plaintiff's complaint alleging undue influence had been withdrawn. But, by writ of *certiorari*, appellees bring into the record the complaint as amended by striking therefrom the element of undue influence. While there was no record then made of the fact of such amendment, the statement in appellees' application for the writ of *certiorari* that the issue of undue influence had been stricken out and withdrawn from appellees' complaint during the trial of the cause, by leave of court, and the case submitted to the jury solely upon the question of unsoundness of mind, was unchallenged by appellants and a corrected copy of the complaint in response to the writ of *certiorari* shows such to be the fact. Instruction No. 2 further instructed the jury that, "the sole ground upon which these plaintiffs claim that such will should be set aside is the allegation that said Henry Smith was a person of unsound mind at the time of the making of said will, and it is upon this issue only that this case is submitted to you." Certainly the jury had to understand from this instruction, even if the complaint had not been amended by striking the element of undue influence from it, that it only had to consider the question of soundness or unsoundness of mind of the testator, and even if interrogatories Nos. 16, 17 and 20 were based upon the issue of undue influence, and they were not necessarily so, though submitted to the jury by the court, it appears that they had been prepared by appellants and submitted at their request, and the record showing that the issue of undue influence had been abandoned, appellants might well have requested the withdrawal of these interrogatories.

Appellants complain that the court erred in refusing to give to the jury their instruction No. 1 to the effect that there was no evidence that the execution of the will was induced by undue influence;

but this instruction was unnecessary in the light of the court's instruction No. 2 mentioned above.

The answers to interrogatories, properly interpreted, show that Henry Smith, when he attempted to make his will, did not have mental capacity enough to know the deserts of his children, nor to know the value of his property nor to know and understand the business in which he was engaged, nor to know what property he had nor to whom he wanted to give it. From these answers, clearly he was a person of unsound mind, and, regardless of the question of undue influence, he was incapable of making a will. Any errors, therefore, growing out of such question were rendered harmless. *Putt* v. *Putt* (1897), 149 Ind. 30, 48 N. E. 356, 51 N. E. 337; *Union Traction Co.* v. *Barnett* (1920), 75 Ind. App. 19, 127 N. E. 287.

Appellants forcefully challenge instruction No. 12, tendered by appellees and given by the court. By this instruction, the court instructed the jury, "that every person is presumed to be of sound mind until the contrary is shown, and the burden of proving insanity or unsoundness of mind rests upon the party alleging it. However, when unsoundness of mind has once been established the presumption is that the state of unsoundness exists or continues until the contrary is shown. To entitle the plaintiffs to a verdict setting aside the will in question on the grounds of insanity or unsoundness of mind, the plaintiffs must establish by a fair preponderance of all the evidence that at the time the will was executed the testator, Henry Smith, did not have sufficient mind and memory to enable him to know and understand the business in which he was engaged and that the will was not the free and deliberate offspring of a sufficiently rational mind and memory to comprehend the nature and effect of his will."

After a careful study of this instruction, we conclude

that the court did not err in giving it. Appellants rely upon the case of *Branstrator* v. *Crow* (1904), 162 Ind. 362, 69 N. E. 668. In that case, the trial court instructed the jury that when unsoundness of mind is established, the presumption would be that it continued unless the evidence established to the jury's satisfaction that afterward the mind became sound. The court on appeal held that the language was too broad, and so it was, as applied to the facts in that case. It was there disclosed by the evidence that the testator for many years became occasionally intoxicated, and when in that condition, his speech and conduct were often irrational. The court, speaking with reference to the circumstances there disclosed, said that it is only when the unsoundness is of a character to appear permanent, and to forbid the reasonable expectation of recovery, that a presumption of continuance will be indulged, and that no presumption of any kind will arise from intermittent, temporary unsoundness, such as may result from sickness, injury, intoxication, or other transitory cause. In this case, if unsoundness of mind was shown, it was not from such transitory cause as that a presumption of its continuance would not arise. The latter part of the instruction exacted of the defendants more than the law required. There was no burden upon them to establish that the testator was of sound mind, but there was a burden resting on the plaintiffs to establish that the testator was of unsound mind, and the court said: "The plaintiffs had undertaken to establish the testamentary incapacity of the testator at the time he executed the contested will. This they could do only by maintaining incapacity by a preponderance of the whole evidence. Nothing short of a preponderance would avail them anything. If it turned out that the evidence was equally balanced, the plaintiffs should have failed. So when the plaintiffs established unsoundness, and set the presumption of

incapacity going, that only served to create a *prima facie* case, which would entitle them to a verdict if the defendants introduced no evidence sufficient to overcome it. But if the defendants, by their evidence, overthrew the presumption it was not necessary for them to go further to defeat the plaintiffs. All that was important for the defendants to do was to prevent the plaintiffs from delivering a preponderance of the evidence." Citing authorities.

But the instruction here involved harmonizes with this rule of law. While it is true that if unsoundness is once established, under circumstances such as here, the presumption is that it continues, still, as the instruction says, the burden was on appellees to establish by a preponderance of all of the evidence that the testator was of unsound mind when he attempted to execute his will.

In *Pepper* v. *Martin* (1910), 175 Ind. 580, 583, 92 N. E. 777, the court quotes with approval from *Young* v. *Miller* (1896), 145 Ind. 652, 44 N. E. 757, as follows: "The obligations of the parties were not different from those in the ordinary case where facts are affirmed upon one side and denied upon the other. A *prima facie* case, made by the plaintiff, must always stand unless its force is broken by the defendant's evidence; but the defendant is never required, under the general denial, to negative the truth of the plaintiff's *prima facie* case by a preponderance of the evidence. If, upon the whole evidence, the plaintiff does not have a preponderance, the defendant must recover. If the scales are equally balanced the plaintiff must fail. It is perfectly clear, therefore, that to break the force of a *prima facie* case it is not necessary that the contrary shall be established by a preponderance of the evidence, but that it is sufficient if, from the evidence *pro* and *con*, the plaintiff cannot be said to have a preponderance upon his side of the issue."

In the light of these authorities, we must hold that

the court did not err in giving appellees' instruction No. 12.

Appellants assign as error the court's ruling in denying their motion to resubmit the interrogatories to the jury for more definite answers. But even if the court erred in this regard, and we do not so hold, the interrogatories which the jury did answer, together with the answers thereto, were so decisive of the issue here involved, that the failure to answer other interrogatories, immaterial to the issue of the soundness or unsoundness of mind of the testator, could not have changed the facts as found by the jury in the answers given.

There was evidence to sustain the answers which the jury made, and it would be a waste of time to discuss appellants' assignment that the court erred in not rendering judgment for appellants on such answers, notwithstanding the general verdict.

The general verdict, as well as the answers to interrogatories, is sustained by sufficient evidence.

Judgment affirmed.

Dausman, J., absent.