### HOLTON *v.* STATE OF INDIANA.

[No. 13,591.   Filed April 16, 1929.   Rehearing denied June 25, 1929.]

*James L. Bottorff*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Frank L. Greenwald*, Deputy Attorney-General, for the State.

NEAL, J.—The appellant was indicted for unlawfully maintaining a common nuisance under §20, ch. 4, Acts 1917. The cause was tried by a jury and a verdict was returned finding the appellant guilty, assessing his fine in the sum of $500, to which was added imprisonment at the Indiana State Farm for a period of six months.

The error relied upon for reversal arises on the overruling of appellant's motion for a new trial.

Appellant, in support of his motion for a new trial, presents fourteen distinct causes or reasons therefor. The first twelve are directed solely to the admission or exclusion of evidence, and causes thirteen and fourteen are as follows: The verdict is not sustained by sufficient evidence, and the same is contrary to law.

We observe that appellant, in the preparation of his brief under the subdivision "the record," has failed to set out the several answers, objections, rulings of the court and the exceptions to the admission or rejection of the evidence complained of in support of the first twelve causes of reasons for a new trial. It is not sufficient that such answers, objections, rulings of the court and exceptions thereto appear only in the brief in the motion for a new trial. *Fast* v. *Judy* (1925), 83 Ind. App. 85, 147 N. E. 728; *Smith* v. *Farr* (1927), 88 Ind. App. 237, 157 N. E. 111; *Hewitt* v. *Westover* (1927), 86 Ind. App. 505, 158 N. E. 631; *Iles* v. *Jordon* (1927), 87 Ind. App. 220, 159 N. E. 28.

However, we have examined the alleged errors on the admission or rejection of the evidence and are of the opinion that no reversible error can be predicated thereon. If any error was committed by the court in permitting the several witnesses to answer questions based on hear-

say statements, such errors were obviated by the court when the jury was instructed, upon motion of appellant, to disregard any answers made by the witnesses resting upon hearsay, unless the same were a part of the conversation in the presence and hearing of the appellants. *Madden* v. *State* (1897), 148 Ind. 183, 47 N. E. 220. It was necessary for the appellant to show affirmatively that, notwithstanding such withdrawal of hearsay evidence by the court, he was harmed thereby, and this he has failed to do. *Shepard* v. *Goben* (1895), 142 Ind. 318, 39 N. E. 506. The appellant did not move to discharge the jury after the court instructed the jurors to disregard the incompetent testimony. His failure to do so was a waiver of the error, if any, in the admission of such evidence. *Madden* v. *State, supra.*

The verdict was not contrary to law. The evidence fully warrants the verdict and the judgment of the court.

Judgment affirmed.