Indiana Union Traction Co. *v.* Schwinge—46 Ind. App. 525.

---

## INDIANA UNION TRACTION COMPANY *v.* SCHWINGE, ADMINISTRATOR.

[No. 7,088. Filed November 29, 1910.]

1. RAILROADS.—*Interurban.—Running Down Pedestrian.—Contributory Negligence.—Instructions.*—An instruction that if the plaintiff's decedent, in attempting to cross the street railroad track at the rear of the car from which he had just alighted, could see the approaching interurban car, that fact does not alone establish contributory negligence, but to establish such negligence the facts must show the distance from the car to him and its speed must be such that a reasonably prudent man would not have attempted to cross, is not erroneous on the ground that it did not include decedent's slowness in passing over the track, where another instruction informed the jury that the decedent, in crossing the track, was required to use care proportionate to the danger involved, and if he failed to do so, the verdict should be for the defendant. pp. 527, 529.

2. TRIAL.—*Instructions.—How Considered.*—Instructions should be considered as a whole, and not by piecemeal. p. 529.

3. TRIAL.—*Instructions.—Incomplete.—Duty of Parties.*—Where an instruction is complete so far as it goes, but a party desires it to

be made more complete, he should present an instruction cover-ing the case, and failing therein, he has no cause to complain. p. 529.

4. RAILROADS.— *Interurban.— Speed.— Contributory Negligence.— Instructions.*—An instruction that if the decedent did not know and could not reasonably have known the speed of the approach-ing car that killed him, contributory negligence could not be at-tributed to him for failing to anticipate negligence on defend-ant's part, if there was any, is correct. p. 530.

5. RAILROADS.—*Interurban.—Damages.—Knowledge of Jury.—In-structions.*—An instruction that in estimating damages the jury may make use of its knowledge and experience, is correct. p. 530.

From Superior Court of Marion County (72,080); *Charles T. Hanna,* Judge.

Action by August Schwinge, as administrator of the es-tate of Bertram H. Schwinge, deceased, against the Indiana Union Traction Company. From a judgment on a verdict for plaintiff for $1,000, defendant appeals. *Affirmed.*

*James A. VanOsdol, Louis B. Ewbank, William A. Kit-tinger* and *Joseph R. Morgan,* for appellant.

*Pickens, Cox & Kahn* and *Earl R. Conder,* for appellee.

RABB, J.—Appellee sued appellant to recover damages for the death of his decedent, which was alleged to have been occasioned by the negligence of appellant. The only questions raised in this court relate to three instructions given by the court to the jury over the objection and ex-ception of appellant.

Appellee's decedent was killed by appellant's interurban car while he was attempting to cross Central avenue in the city of Indianapolis. This street runs north and south, and is traversed by two street-car tracks, over which both appellant's and city street cars are operated, north-bound cars using the east track, and south-bound cars, the west track.

The accident happened in the dusk of the evening. The decedent and a companion had alighted from a north-bound street-car, had passed behind the street-car, and were at-

tempting to cross the west track when decedent was struck by appellant's south-bound car and killed.

There was evidence tending to show that after alighting from the street-car, and before passing behind it, decedent saw appellant's car at some distance to the north, and could easily have seen it after he crossed the east track and before going onto the track on which the car was approaching; and one of the material questions in dispute is whether decedent acted with due care in going upon the track, in the way of the approaching car, under the circumstances shown.

There was also evidence from which the jury might have found that even though the circumstances were such that decedent was not chargeable with negligence in starting to cross the track in front of the car, yet he failed to use due care in the celerity of his movements in crossing over the track, and that had he moved with such celerity as he could, and as the situation required, the accident would not have happened.

Under this state of the evidence, the court gave to the jury the following instruction: "If the jury find from the evidence that plaintiff's decedent, Bertram H.

1. Schwinge, on September 6, 1904, at the point in the city of Indianapolis where Twenty-ninth street crosses Central avenue, attempted to cross the west track of the two street-car tracks then laid on Central avenue— if you find they were so laid—in front of an approaching interurban car of defendant company, and if you further find that prior to the time of said Schwinge's attempt to cross said west track—if he did so attempt to cross—he saw said interurban car approaching on said track, then I instruct you that the mere fact that Schwinge at the time he attempted to cross said track—if he did so attempt to cross —could see said interurban car approaching on said west track, does not in itself establish his contributory negligence. In order to establish such contributory negligence,

said interurban car must not only have been approaching said Schwinge, but it must also have been in such close proximity that, taking into account the reasonable rate of speed for such places, and under the then present conditions of the apparent rate of speed at which said interurban car was traveling, a reasonably prudent man would not have attempted to cross said track.''

The giving of this instruction is complained of as error, and it is insisted here that the instruction entirely eliminates from the consideration of the jury all proof of negligence of decedent, so far as it related to the celerity of his movement while engaged in the act of crossing the track, and limited the consideration of the jury, in deciding the question of contributory negligence of decedent, to the proximity and speed of the car, and the act of the decedent in stepping on the track, under the circumstances, and assumes that after starting to cross said track decedent exercised due care.

In addition to this instruction, the court properly instructed the jury as follows: ''A street railway track is a place of known danger, and if you find from the evidence in this case that, on the occasion complained of, Bertram H. Schwinge was familiar with the railway track in controversy, and the manner in which cars were operated thereon, then I charge you that said Bertram H. Schwinge in traveling upon or approaching in such close proximity to said track that he might be struck by a car—if he did so—was required by law to exercise for his own safety a degree of care proportionate to the danger involved, and if he failed to exercise such degree of care to be expected of a man of ordinary prudence, and by reason of such failure—if any—he approximately contributed to his injury and death, then his administrator cannot recover in this action, and in that event your verdict should be for defendant.''

Instructions given by a court to a jury are not to be taken piecemeal in determining what they mean and how they must have been understood by the jury. They must be considered as a whole, and if, so considered, they fairly present the case to the jury they are not susceptible to just criticism. We think when these two instructions are considered together the first will not

2.

1. admit of the construction placed upon it by appellant. The court in this instruction was calling the particular attention of the jury to a particular act of contributory negligence in controversy; that is, the act of decedent in attempting to cross the railroad track in view of an approaching car, and the whole instruction must be considered as relating to that particular act. The phrase used in the instruction, upon which stress is laid by appellant, "that in order to establish such contributory negligence," etc., we think must be understood to mean contributory negligence in attempting to cross the track in view of the approaching car. It was "such" contributory negligence the court was discussing, and not contributory negligence of some other character. Had appellant desired that the attention of the jury should be specifically called to

3. the evidence tending to sustain its theory as to the alleged negligence of decedent in failing to exercise due care, after he started to cross, in the promptness and celerity of his movement, a proper instruction should have been presented to the court, with a request that it be given to the jury. We think the general instruction given by the court, to the effect that decedent, in traveling upon the railroad track, was required by law to exercise for his own safety a degree of care proportionate with the danger involved, properly stated the law in general terms with reference to the duty of decedent in this respect, and we do not conceive that the jury understood the instruction given as eliminating from its consideration any act of negligence

of decedent while crossing the track that would proximately contribute to the accident.

Objection was made to an instruction which, in effect, told the jury that if decedent did not know, and the circumstances were such that he could not reasonably have known, the speed of the approaching car that struck him, contributory negligence was not to be attributed to him for failing to anticipate negligence on the part of appellant, if there was any. Our attention has not been directed to any valid objection to this instruction, and we see none.

The third instruction objected to relates to the question of damages, and is criticised because the jury is therein told that in estimating such damages it may "make use of its knowledge and experience, which it is supposed to possess, in common with the generality of mankind, in connection with the facts properly in evidence." This was but another form of telling the jury to use common sense in making application of the evidence in estimating damages. This instruction harmonizes with the view of the court with reference to this subject, as expressed in the cases of *Pittsburgh, etc., R. Co.* v. *Burton.* (1894), 139 Ind. 357, and *Ohio, etc., R. Co.* v. *Voight* (1890), 122 Ind. 288. See, also, *Chicago, etc., R. Co.* v. *Branyan* (1894), 10 Ind. App. 570.

We think no reversible error intervened in giving this instruction. No other action of the court is complained of, nor is it maintained that the evidence fails to sustain the verdict.

Judgment affirmed.